**Claude Wayne SHARP, Jr., by his father and next friend, Claude Wayne Sharp, Sr., and Claude Wayne Sharp, Sr., Individually, Appellants,**

v.

**FAIRBANKS NORTH STAR BOROUGH, Appellee.**

No. 3098.

Supreme Court of Alaska.

Sept. 16, 1977.

---

Mark I. Wood, Rice, Hoppner & Hedland, Fairbanks, for appellants.

Stephen D. Cramer, Merdes, Schaible, Staley & DeLisio, Inc., Fairbanks, for appellee.

Before BOOCHEVER, Chief Justice, RABINOWITZ, CONNOR and BURKE, Justices.

## OPINION

RABINOWITZ, Justice.

Claude Wayne Sharp, Jr. and Claude Wayne Sharp, Sr. appeal from the superior court's grant of summary judgment in favor of the Fairbanks North Star Borough in connection with their claims for damages resulting from personal injuries received by Claude Wayne Sharp, Jr. We affirm.

During the 1973–74 school year, Wayne Sharp, Jr. was a fourth grader at North Pole Elementary School[1] and a participant in the school's wrestling program. The program was supervised by R. J. McKinstry, a faculty member who served as wrestling coach. McKinstry was also Head Official of the Amateur Athletic Union Northern Regional Wrestling Tournament, but this position was independent of his responsibilities with the school district.

The Amateur Athletic Union invited all North Pole wrestlers who were AAU members to participate in its Northern Regional Wrestling Tournament at the University of Alaska's Patty Gymnasium on the Fairbanks campus. In preparation for the event, Coach McKinstry took a leave of absence, without pay, in order to officiate at the tournament. School authorities agreed to excuse participants from school on the first day of the tournament, Friday, April 12, 1974, if their parents gave permission and to provide one-way bus transportation from the school to Patty Gymnasium on that day. McKinstry also distributed a letter to parents explaining, in part, that "[t]he AAU is not school sponsored," that the school would not furnish equipment or lunches, that the tournament hours were from 10 a. m. to 10 p. m., and that the parents were expected to provide transportation when matches concluded.

On Friday morning, the first day of the tournament, supervision of the North Pole wrestlers was minimal. Coach McKinstry's responsibilities as a referee precluded close monitoring of the students, and no parent or other adult had been formally requested or designated by the school to supervise.

Preliminary matches were apparently completed more rapidly than expected. Scheduling changes were therefore necessitated and AAU officials announced that the tournament would be recessed until 6 p. m. Subsequent to this announcement, Wayne Sharp, Jr. and three other competitors requested Frances Frey, mother of North Pole student-participant Marty Frey, to take them to lunch during the break. Mrs. Frey agreed to take Wayne Sharp, Jr. and stated that on the way to lunch she would stop at Market Basket, where Sharp's father was employed, to ask permission.

After leaving Patty Gymnasium, Mrs. Frey stopped at her husband's place of business and asked Marty to refuel her automobile. The four boys filled the tank; in the process, gasoline overflowed onto Wayne's and Marty's lower pants legs. Mrs. Frey ordered the boys back into her car and told them to leave the gasoline alone—that it would evaporate. · However, while his mother was inside the shop, Marty picked up a book of matches from the floor of the backseat, lit his own pant leg, and extinguished the fire without injury. He then lit the gasoline spot on Wayne's pants, but attempts to swat out the flames were unsuccessful. By the time Wayne could jump out of the car and into a nearby mud puddle, he had sustained second and third degree burns on his lower right leg.

Thereafter, Claude Wayne Sharp, Jr. and his father filed a complaint, later amended, alleging that their respective injuries and damages were caused by the negligence of the Freys and of the Fairbanks North Star Borough. Claims against the Freys were dismissed with prejudice after a settlement. The superior court granted the Borough's motion for summary judgment—concluding in its memorandum decision that the Borough was under no duty to exercise supervision over tournament participants. The superior court further indicated that if it were to rule on the issue of legal cause, it would hold that any breach of the duty to

1. North Pole Elementary School is located in North Pole, Alaska, near Fairbanks and is oper- ated by appellee Fairbanks North Star Borough.

supervise was not a "proximate cause" of Wayne Sharp, Jr.'s injuries. This appeal followed.

Before this court appellants contend that the superior court erred in granting summary judgment for the following reasons:

1. Genuine issues of material fact exist as to "school sponsorship" of participants in the AAU wrestling tournament.

2. As a matter of law, the school district owed a non-delegable duty to supervise students participating in the AAU tournament.

3. Genuine issues of material fact exist as to certain foreseeability questions affecting "proximate cause."

■ While appellants correctly point out that under proper circumstances a school district may be liable for failing to supervise activities held off school premises,[2] the instant case does not require decision of either the "sponsorship" question or the "duty" question. Assuming arguendo that participation of North Pole students was sponsored by the school district, that a non-delegable duty of supervision was owed to the participants, and that the Borough-school district failed to supervise adequately, the undisputed facts show that the Bor-

ough's actions were not the legal cause of Wayne Sharp's injuries.

Our conclusion is based upon two alternative grounds. First, the Borough-school district's assumed negligence was not a substantial factor in bringing about the harm. Second, Mrs. Frey's actions constituted a superseding cause of Wayne Sharp's injuries.

■ Among the elements adopted by this court as necessary to make out a claim for relief based on negligence is "[a] reasonable close causal connection between the conduct and the resulting injury . . . [proximate cause]."[3] More specifically, negligent conduct may properly be found to be a "legal cause" of a plaintiff's injury if the negligent act[4] "was more likely than not a substantial factor in bringing about [the] injury."[5] This test was further clarified in *State v. Abbott,*[6] where we said:

Normally, in order to satisfy the substantial factor test it must be shown *both* that the accident would not have happened 'but for' the defendant's negligence and that the negligent act was so important in bringing about the injury that reasonable men would regard it as a cause and attach responsibility to it.[7]

2. *See, e. g., Morris v. Douglas Co. School Dist.,* 241 Or. 23, 403 P.2d 775 (1965); *Chappel v. Franklin Pierce School Dist., No. 402,* 71 Wash.2d 17, 426 P.2d 471 (1967); *Sherwood v. Moxee School Dist. No. 90,* 58 Wash.2d 351, 363 P.2d 138 (1961). *See generally* Annot., 38 A.L.R.3d 830 (1971); Seitz, *Legal Responsibility Under Tort Law of School Personnel and School Districts as Regards Negligent Conduct Toward Pupils,* 15 Hastings L.J. 495 (1964).

3. *State v. Abbott,* 498 P.2d 712, 725 (Alaska 1972) (brackets in original); W. Prosser, Law of Torts § 30, at 132 (4th ed. 1971). *See Leigh v. Lundquist,* 540 P.2d 492, 494 (Alaska 1975); *Larman v. Kodiak Elec. Ass'n,* 514 P.2d 1275, 1279 (Alaska 1973); *Ferrell v. Baxter,* 484 P.2d 250, 259 (Alaska 1971).

4. Inaction as well as unreasonable action may be a breach of duty. *Adams v. State,* 555 P.2d 235, 240 n. 10 (Alaska 1976).

5. *City of Fairbanks v. Nesbett,* 432 P.2d 607, 610 (Alaska 1967).

6. *State v. Abbott,* 498 P.2d 712, 726–27 (Alaska 1972). This is in accord with the Restatement

position. *See* Restatement (Second) of Torts § 430 and comment d, § 431 and comment a (1965).

7. *State v. Abbott,* 498 P.2d 712, 727 (Alaska 1972) (footnote omitted). The opinion continued:

There is, however, one significant exception to this concurrence requirement: if two forces are operating to cause the injury, one because of the defendant's negligence and the other not, and each force by itself is sufficient to cause the injury, then the defendant's negligence may be found to be a substantial factor in bringing about the harm. *Id.* (footnote omitted).

The Restatement view is similar. *See* Restatement (Second) of Torts § 432(2) (1965). This exception does not apply to the case at bar. Without the intervention of Mrs. Frey, this accident would never have occurred. Even if the Borough-school district negligently failed to supervise participants at the AAU tournament, such negligence was not *by itself* sufficient to cause Wayne Sharp's injury. Accordingly, the two-pronged "substantial factor" test remains operative.

We conclude that this test is not met because the Borough-school district's negligent (assumed) act was not so important in bringing about the injury that a reasonable person would regard it as a cause and attach responsibility to it.

■ The undisputed facts of the instant case show that Mrs. Frey took the boys away from the tournament site in her automobile, instructed them to refuel the vehicle, and permitted them to remain unsupervised after the gasoline was spilled. In addition, Marty Frey intentionally ignited the fuel spot on Wayne Sharp's clothing. Without these actions, the accident would not have occurred. Given the particular conduct of the Freys, no reasonable person could regard the Borough's failure to supervise at the tournament as a legal cause and attach responsibility to it.

That an opposite conclusion would be unreasonable is illustrated by the burden imposed on the Borough if its assumed negligent tournament supervision encompassed the Freys' actions. The Borough could have prevented the accident primarily in two ways: by refusing to allow Wayne Sharp to leave the gymnasium with Mrs. Frey or by supervising the boys throughout the time they were with her. Both alternatives would impose an unreasonably heavy burden on the Borough since school children are frequently transported by parents of other students and the informal supervisory relationships created by such transportation sharing are widely accepted. The school district would be placed in the position of insurer of its students unless it imposed regulatory measures designed to thwart the everyday practices of its students and their families. A determination of Borough responsibility in such circumstances would suggest a rule of strict liability and would restrict the flexibility needed for extracurricular activities. Accordingly, we hold that any negligence by the Borough was not a substantial factor in bringing about Wayne Sharp's injury.

■ Alternatively, we conclude that Mrs. Frey's actions constitute a superseding cause which relieves the Borough of liability—even if the Borough-school district's negligence is assumed to be a substantial factor. The Restatement indicates that even if specific actions are a substantial factor in producing injury,

> [t]he actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm.[8]

On the facts of the case at bar, it is highly extraordinary that the school district's failure to exercise proper supervision at the wrestling tournament in Patty Gymnasium produced the harm in question. In retrospect, the primary reason the resulting harm seems extraordinary is that the Borough's assumed negligence was followed by particular acts of Mrs. Frey and Marty Frey without which the accident would not have happened. In our view the Freys' conduct comes within the Restatement's definition of intervening force: An intervening force is one which actively operates in producing harm to another after the actor's negligent act or omission has been committed."[9]

---

**8.** Restatement (Second) of Torts § 435 (1965). *See id.* comment c.

**9.** *Id.* § 441(1). Professor Prosser takes a similar position, indicating that an actor is not liable if another cause has come into operation after his initial negligence and in the circumstances he can foresee neither danger of direct injury nor risk from the intervening force. W. Prosser, Law of Torts § 44, at 281 (4th ed. 1971). He further explains:

> The virtually unanimous agreement that the liability must be limited to cover only those intervening causes which lie within the scope of the foreseeable risk, or have at least some reasonable connection with it, is based upon a recognition of the fact that the independent causes which may intervene to change the situation created by the defendant are infinite, and that as a practical matter responsibility simply cannot be carried to such lengths.

*Id.* When a defendant has created a situation acted upon by an intervening force, he is liable if the negligent conduct of an intervening third person could have been anticipated by the defendant and the risk of such intervention was

Under the circumstances of this case, Mrs. Frey's intervening actions were not reasonably foreseeable. The operation of such intervening actions prevents any antecedent negligence of the Borough from being the legal cause of Wayne Sharp, Jr.'s injuries because Mrs. Frey's actions are properly considered a superseding cause. In Section 440 of the Restatement (Second) of Torts (1965), superseding cause is defined in the following manner:

A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about.

That the intervention of Mrs. Frey prior to the actions of Marty Frey[10] constitutes a superseding cause of the harm is illustrated by reference to the Restatement's factors for determining whether an intervening force is a superseding cause:

(a) the fact that its intervention brings about harm different in kind from that which would otherwise have resulted from the actor's negligence;

(b) the fact that its operation or the consequences thereof appear after the event to be extraordinary rather than normal in view of the circumstances existing at the time of its operation;

(c) the fact that the intervening force is operating independently of any situation created by the actor's negligence, or, on the other hand, is or is not a normal result of such a situation;

(d) the fact that the operation of the intervening force is due to a third person's act or to his failure to act;

(e) the fact that the intervening force is due to an act of a third person which is wrongful toward the other and as such subjects the third person to liability to him;

(f) the degree of culpability of a wrongful act of a third person which sets the intervening force in motion.[11]

Analysis of the facts in the instant case leads to the conclusion that Mrs. Frey's actions were a superseding cause, thus relieving the Borough-school district of any liability which might otherwise have resulted.[12]

■ Although the issue of "proximate cause" is normally left for the trier of fact where unresolved fact questions remain,[13] it becomes a question of law where the evi-

---

unreasonable. *Id.* at 283. Where the defendant's conduct threatens a particular kind of result which will injure the plaintiff and an intervening cause which could not have been anticipated changes the situation but produces the same result as originally threatened, such a result is within the scope of the defendant's negligence. *Id.* at 286–87. However, if the defendant would not be liable where the intervening acts could be anticipated, he should not be liable where they are unforeseeable. *Id.* at 288.

10. Appellants argue that injury to Wayne Sharp resulting from Marty Frey's actions or similar conduct was reasonably foreseeable because intentional acts causing harm can be expected when school children are left unsupervised for long periods of time. Some courts have applied the duty of supervision in a manner that supports this contention where the events occurred on school premises. *See, e. g., Dailey v. Los Angeles Unified School Dist.,* 2 Cal.3d 741, 87 Cal.Rptr. 376, 470 P.2d 360 (1970) (Sixteen-year-old student was killed on high school playground during noon recess when he fell while "slap boxing" with a fellow student. "The events which occurred in the instant case are precisely what one would expect from unsupervised adolescents." *Id.,* 87 Cal.Rptr. at 382, 470 P.2d at 366). However, in the case at bar, Mrs. Frey's intervention set in motion the forces resulting in harm to Wayne Sharp. Her conduct is an intervening force sufficient to constitute the superseding cause of Wayne Sharp's injuries. Accordingly, it is unnecessary to determine whether Marty Frey's intentional acts were by themselves a superseding cause.

11. Restatement (Second) of Torts § 442 (1965).

12. *Id.* § 440. In addition, her conduct does not come within the exceptions provided in §§ 442A and 442B.

13. *See Otis Elevator Co. v. McLaney,* 406 P.2d 7, 9–10 (Alaska 1965) (jury question of proximate cause was presented because fair-minded jurors could differ as to the conclusions of fact that might be drawn from the evidence); *Sworden v. Gross,* 243 Or. 83, 409 P.2d 897, 899 (1966).

dence is such that reasonable minds cannot differ.[14]

The affidavits, depositions, and admissions in the case at bar establish that no disagreement exists as to the details of the events leading to Wayne Sharp, Jr.'s injuries. Given this uncontroverted evidence, we conclude that as a matter of law the actions of Mrs. Frey constituted an unforeseeable superseding cause and thus the school district is not liable for breach of its assumed duty to supervise the tournament properly.

Imposing liability in these circumstances would, in effect, convert the Borough-school district into an insurer of its students. While the Borough-school district should be required to bear responsibility for its negligence when a breach of duty and a reasonably close causal connection is shown, losses should not be shifted to the Borough when harm has resulted from unforeseeable actions of third parties. Accordingly, the superior court's grant of summary judgment is affirmed.

---

**14.** *Tsugawa v. Reinartz,* 527 P.2d 1278, 1282 (Hawaii 1974); *Pratt v. Thomas,* 80 Wash.2d 117, 491 P.2d 1285, 1286 (1971). This court has upheld the trial court's grant of summary judgment in cases involving analogous foreseeability questions where the undisputed facts permitted only one reasonable conclusion. *See Nicholson v. M G M Corp.,* 555 P.2d 39 (Alaska 1976) (In affirming the superior court's grant of defendant's motion for summary judgment, the court concluded, in part, that the accident was not reasonably foreseeable). *Cf. Patterson v. Cushman,* 394 P.2d 657, 660 (Alaska 1964) (Question whether a child had capacity for contributory negligence was properly treated as a matter of law where evidence could leave no doubt in a reasonable mind that he was capable of some degree of care and of taking some precautions for his own safety).