**Felicidad NAZARENO, Appellant,**

v.

**Sid URIE, Martin Urie, a partnership, d/b/a Solly's Office, Appellees.**

**No. 4807.**

Supreme Court of Alaska.

Dec. 31, 1981.

---

Gerald W. Markham, Kurt M. LeDoux, Kodiak, for appellant.

Melvin M. Stephens, II, Hartig, Rhodes, Norman & Mahoney, Kodiak, for appellees.

Before RABINOWITZ, C. J., CONNOR, BURKE and MATTHEWS, JJ., and HODGES, Superior Court Judge.*

## OPINION

BURKE, Justice.

Plaintiff Felicidad Nazareno appeals from an adverse jury verdict, contending that the trial court erred in failing to instruct the jury on negligence per se principles. We reverse.

Nazareno sued the owners of a Kodiak bar, Sid and Martin Urie, for damages resulting from her collision with a bar patron on the bar's dance floor. Three witnesses testified to the circumstances surrounding her injury. Nazareno and a friend, Ruby Waltrip, both stated they had noticed a tall, heavyset man, later identified as Dennis Welch, who was talking very loudly, and who had "a really red face" with bloodshot eyes. They testified that Welch appeared to be very drunk. Waltrip said that Welch was drinking at a table, and that she saw at least two drinks in front of him. Nazareno noted that Welch's friend was buying him drinks.

Later, Nazareno was on the dance floor when Welch lost his balance and fell against her, pinning Nazareno's right shoulder to the wall and fracturing her clavicle. Nazareno's friends took her to the hospital with Welch and several of his friends ac-

---

* Hodges, Superior Court Judge, sitting by assignment made pursuant to article IV, section 16 of the Constitution of Alaska.

companying them. Though Welch's friends offered to take Nazareno back to the hospital the next day, they failed to do so, and Welch was not seen again.

Defendant Sid Urie testified that he was tending bar that night. Urie denied having seen Welch before the incident, but said he could faintly hear the impact of the collision.

Nazareno argued that defendants were liable on either of two theories. First, she contended that the Uries had a duty to control the conduct of bar patrons. Second, she argued that Welch should not have been served alcoholic drinks when he was already intoxicated. Only the latter theory is at issue on appeal, as Nazareno argues she was entitled to a jury instruction, rejected by the trial court, setting out former AS 04.-15.020(a)[1] and telling the jury that any violation of the statute was negligence per se. The court also declined to give an instruction stating that a violation was evidence of negligence.

The court, instead, instructed the jury that Nazareno's claim was that the defendants failed to properly protect their customers by serving Welch when he was intoxicated, and that Nazareno bore the burden of proving that such conduct was negligent under a reasonable person standard.[2]

## I

At common law, a purveyor of alcoholic beverages could not be liable for injuries or damage caused by an intoxicated customer. *Collier v. Stamatis*, 63 Ariz. 285, 162 P.2d 125, 127 (1945); *State ex rel. Joyce v. Hatfield*, 197 Md. 249, 78 A.2d 754 (1951). "The rationale for the common law rule was that the consumption and not the sale of the liquor was the proximate cause of injuries sustained as a result of intoxication." *Vesely v. Sager*, 5 Cal.3d 153, 95 Cal.Rptr. 623, 627, 486 P.2d 151, 155 (1971) (citations omitted). Recently, however, various courts have expressly abrogated the rule of nonliability, reasoning that personal injury is an eminently foreseeable consequence of serving an intoxicated customer more liquor. *See, e.g., Ono v. Applegate*, 612 P.2d 533, 538 (Haw.1980); *Bernhard v. Harrah's Club*, 16 Cal.3d 313, 128 Cal.Rptr. 215, 222, 546 P.2d 719, 726 (1976), *quoting Vesely v. Sager*, 5 Cal.3d 153, 164, 95 Cal.Rptr. 623, 627, 486 P.2d 151, 155 (1971); *Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1, 8 (1959). Recognizing that a tortfeasor is not relieved from liability by the foreseeable acts of others, these jurisdictions hold that furnishing liquor may be the proximate cause of injuries inflicted on a third person by an intoxicated customer. "[S]uch furnishing is a proximate cause ... because the consumption, resulting intoxication, and injury producing conduct are foreseeable intervening causes ...." *Vesely v. Sager*, 5 Cal.3d 153, 95 Cal.Rptr. 623, 631, 486 P.2d 151, 159 (1971). We are persuaded by the reasoning set forth in these cases and accordingly hold that the vendor of alcoholic beverages may be civilly liable when the sale of the liquor

---

1. Former AS 04.15.020(a) provides in relevant part: "It is unlawful to give, barter or sell any intoxicating liquors, including beer and wine, to a person under the age of 19 years or to an intoxicated person...."

   The section was repealed in 1980 as part of a comprehensive revision of the statutes dealing with alcoholic beverages. *See* ch. 131, SLA 1980. Newly enacted AS 04.16.030 provides in part: "A licensee, his agent, or employee may not with criminal negligence (1) sell, give, or barter alcoholic beverages to a drunken person...." The terms "criminal negligence" and "drunken person" are defined in AS 04.21.-080(a)(1) and (b)(7).

2. The court instructed the jury that:

plaintiff has the burden of establishing by a preponderance of the evidence all of the facts necessary to prove the following issues:

   1) that the defendants were negligent; and

   2) that the negligence of defendants was a proximate cause of injury to the plaintiff.

The court defined negligence as:

the failure to do something which a reasonably careful person would do or the doing of something which a reasonably careful person would not do, under circumstances similar to those shown by the evidence. The law does not say how a reasonably careful person would act under those circumstances. That is for you to decide.

was a substantial factor in causing the injury.[3]

Having determined that the sale of the liquor may be the proximate cause of injuries sustained by a third person, it is clear that the vendor is under a duty not to sell liquor where the sale creates a risk of harm to the customer or to others. See *Vance v. United States*, 355 F.Supp. 756, 761 (D.Alaska 1973).[4] This conclusion flows from general principles of negligence law; every person is under a duty to avoid creating situations which pose an unreasonable risk of harm to others. In selling liquor to an intoxicated customer, where it is evident that the customer may injure himself or others as a result of the intoxication, a vendor is not acting as a reasonable person would. "The first prime requisite to de-intoxicate one who has, because of alcohol, lost control over his reflexes, judgment and sense of responsibility to others, is to stop pouring alcohol into him. This is a duty which everyone owes to society and to law entirely apart from any statute." *Jardine v. Upper Darby Lodge No. 1973, Inc.*, 413 Pa. 626, 198 A.2d 550, 553 (1964). We therefore hold that there is a general common law duty, independent of statute, requiring vendors to conduct themselves with reasonable care and prudence when dispensing alcohol.[5]

---

**3.** In so holding, we join numerous other jurisdictions imposing liability on bar owners. Those states imposing liability are: Colo. (*Kerby v. The Flamingo Club, Inc.*, 35 Colo.App. 127, 532 P.2d 975 (1974)); Del. (*Taylor v. Ruiz*, 394 A.2d 765 (Super.1978)); D.C. (*Marusa v. District of Columbia*, 484 F.2d 828 (D.C.Cir. 1973)); Fla. (*Davis v. Shiappacossee*, 155 So.2d 365 (1963)); Hawaii (*Ono v. Applegate*, 612 P.2d 533 (1980)); Idaho (*Alegria v. Payonk*, 101 Idaho 617, 619 P.2d 135 (1980)); Ind. (*Elder v. Fisher*, 247 Ind. 598, 217 N.E.2d 847 (1966)); Iowa (*Lewis v. State*, 256 N.W.2d 181 (1977)); Ky. (*Pike v. George*, 434 S.W.2d 626 (1968)); La. (*Pence v. Ketchum*, 326 So.2d 831 (1976), and see *Thrasher v. Leggett*, 373 So.2d 494 (1979)); Mass. (*Adamian v. Three Sons, Inc.*, 353 Mass. 493, 233 N.E.2d 18 (1967)); Mich. (*Thaut v. Finley*, 50 Mich.App. 611, 213 N.W.2d 820 (1973) (where civil damage act inapplicable)); Minn. (*Blamey v. Brown*, 270 N.W.2d 884 (1978), *Trail v. Christian*, 298 Minn. 101, 213 N.W.2d 618 (1973) (where civil damage act inapplicable)); Miss. (*Munford, Inc. v. Peterson*, 368 So.2d 213 (1979)); Mo. (*Sampson v. W. F. Enterprises, Inc.*, 611 S.W.2d 333 (App. 1980)); N.H. (*Ramsey v. Anctil*, 106 N.H. 375, 211 A.2d 900 (1965)); N.J. (*Rappaport v. Nichols*, 31 N.J. 188, 156 A.2d 1 (1959)); N.Y. (*Vale v. Yawarski*, 79 Misc.2d 320, 359 N.Y.S.2d 968 (1974)); Ohio (*Mason v. Roberts*, 33 Ohio St.2d 29, 294 N.E.2d 884 (1973)); Ore. (*Campbell v. Carpenter*, 279 Or. 237, 566 P.2d 893 (1977)); Pa. (*Jardine v. Upper Darby Lodge No. 1973, Inc.*, 413 Pa. 626, 198 A.2d 550 (1964)); Tenn. (*Mitchell v. Ketner*, 54 Tenn.App. 656, 393 S.W.2d 755 (1964)); Wash. (*Callan v. O'Neil*, 20 Wash.App. 32, 578 P.2d 890 (App.1978)).

It bears noting that the California legislature expressly abrogated the *Vesely* rule, see Cal. Bus. & Prof.Code § 25602(b), (c). In so doing, California joined the 14 jurisdictions adhering to the common law rule of nonliability. These jurisdictions are: Ala. (*DeLoach v. Mayer Elec. Supply Co.*, 378 So.2d 733 (1979)); Ariz. (*Profitt v. Canez*, 118 Ariz.App. 235, 575 P.2d 1261 (App.1977), but see *Lewis v. Wolf*, 122 Ariz. 567, 596 P.2d 705 (App.1979)); Ark. (*Carr v. Turner*, 238 Ark. 889, 385 S.W.2d 656 (1965); Conn. (*Nelson v. Steffens*, 170 Conn. 356, 365 A.2d 1174 (1976)); Ga. (*Keaton v. Kroger Co.*, 143 Ga.App. 23, 237 S.E.2d 443 (1977)); Ill. (*Graham v. General U. S. Grant Post*, 43 Ill.2d 1, 248 N.E.2d 657 (1969) (no common law remedy since statutory action available)); Md. (*State ex rel. Joyce v. Hatfield*, 197 Md. 249, 78 A.2d 754 (1951)); Mont. (*Runge v. Watts*, 589 P.2d 145 (1979)); Neb. (*Holmes v. Circo*, 196 Neb. 496, 244 N.W.2d 65 (1976)); Nev. (*Hamm v. Carson City Nugget, Inc.*, 85 Nev. 99, 450 P.2d 358 (1969), see also *Davies v. Butler*, 602 P.2d 605, 614 (1979)); N.M. (*Marchiondo v. Roper*, 90 N.M. 367, 563 P.2d 1160 (1977)); S.D. (*Griffin v. Sebek*, 90 S.D. 692, 245 N.W.2d 481 (1976)); Wis. (*Olsen v. Copeland*, 90 Wis.2d 483, 280 N.W.2d 178 (1979)); Wyo. (*Parsons v. Jow*, 480 P.2d 396 (1971)).

A recent annotation collects and discusses most of these cases. Annot., Common-Law Right of Action for Damage Sustained By Plaintiff In Consequence of Sale or Gift of Intoxicating Liquor or Habit Forming Drug to Another, 97 A.L.R.3d 528 (1980).

**4.** In *Vance*, the court noted that "the two concepts—duty and proximate causation—involve identical questions and in cases like this are really just two ways of phrasing the same determination of law and public policy." *Vance v. United States*, 355 F.Supp. 756, 761 (D.Alaska 1973). See also, W. Prosser, Law of Torts, § 42, at 244–45 (4th ed. 1971).

**5.** Numerous other courts have reached the same result. See, e.g., *Bernhard v. Harrah's Club*, 16 Cal.3d 313, 128 Cal.Rptr. 215, 222–223, 546 P.2d 719, 726–27 (Cal.1976); *Colligan v. Cousar*, 38 Ill.App.2d 392, 187 N.E.2d 292 (Ill.1963).

Breach of this duty would usually involve the jury's consideration of the reasonableness of the liquor vendor's conduct. The jury's determination of that issue is unnecessary, however, where the legislature has enacted a statute setting forth the standard of conduct expected of a reasonable person. *Bachner v. Rich*, 554 P.2d 430, 440–42 (Alaska 1976); *Ferrell v. Baxter*, 484 P.2d 250, 264 (Alaska 1971). Breach of such a statutory standard constitutes negligence per se. *Id.* Plaintiff argues that AS 04.15.020(a) creates just such a standard and that she was entitled to a jury instruction that any violation of the statute was negligence per se.

A duty of care and the attendant standard of conduct may be found in a statute silent on the issue of civil liability. Restatement (Second) of Torts, § 286, Comment d (1965).[6] This court explicitly adopted § 286 as the law of this state in *Ferrell v. Baxter*, 484 P.2d 250, 263 (Alaska 1971). Section 286 states that:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part (a) to

protect a class of persons which includes the one whose interest is invaded, and (b) to protect the particular interest which is being invaded, and (c) to protect that interest against the kind of harm which has resulted, and (d) to protect that interest against the particular hazard from which the harm results.

There seems little doubt that AS 04.15.020(a) satisfies these four requirements. Plaintiff is a member of the public (the protected class), whose interest (physical well being), is sought to be protected against a particular hazard (the irresponsible acts of intoxicated persons). We agree with the court in *Vance v. United States*, 355 F.Supp. 756, 759 (D.Alaska 1973) that AS 04.15.020(a) "unquestionably is designed at least in part to protect against personal injuries caused by intoxication." We therefore hold that AS 04.15.020(a) establishes a minimum standard of conduct and that failure to adhere to this standard constitutes negligence per se.

We find no merit in defendant's contention that the standard of care expressed in AS 04.15.020(a) is too general, obscure or abstract to warrant a negligence per se instruction. While there are statutes

---

We note that the utility of this common law cause of action is limited to cases arising before the legislature amended AS 04.21.020(a). As amended, AS 04.21.020 provides:

A person who provides alcoholic beverages to another person may not be held civilly liable for injuries resulting from intoxication of that person unless the person who provides the alcoholic beverages holds a license authorized under AS 04.11.080–04.11.220, or is an agent or employee of such a licensee and

(1) the alcoholic beverages are provided to a person under the age of 19 years in violation of AS 04.16.051, unless the licensee, agent, or employee secures in good faith from the person a signed statement, liquor identification card, or driver's license meeting the requirements of AS 04.21.050(a) and 04.21.050(b), which indicates that the person is 19 years of age or older; or

(2) the alcoholic beverages are provided to a drunken person in violation of AS 04.16.030.

6. Comment d provides that:

The enactment or regulation may, however, provide only for criminal liability, and not for civil liability; or in rare instances it

may merely prohibit certain conduct, and contain no provision for any liability at all. In such cases the initial question is whether the legislation or regulation is to be given any effect in a civil suit. Since the legislation has not so provided, the court is under no compulsion to accept it as defining any standard of conduct for purposes of a tort action.

. . . .

... [T]he court is free, in making its own judicial rules, to adopt and apply to the negligence action the standard of conduct provided by such a criminal enactment or regulation. This it may do even though the provision is for some reason entirely ineffective for its initial purposes, as where a traffic signal is set up under an ordinance which never has been properly published and so for the purposes of a criminal prosecution is entirely void. The decision to adopt the standard is purely a judicial one, for the court to make. When the court does adopt the legislative standard, it is acting to further the general purpose which it finds in the legislation, and not because it is in any way required to do so.

phrased too generally or vaguely to justify negligence per se treatment,[7] AS 04.15.-020(a) is not one of them. In *Bachner v. Rich*, 554 P.2d 430 (Alaska 1976), we quoted the Ohio Supreme Court's opinion in *Eisenhuth v. Moneyhen*, 161 Ohio St. 367, 119 N.E.2d 440 (Ohio 1954), at length. We find that same language apposite here.

The determination whether any legislative enactment prescribes a specific course of conduct, the violation of which is negligence per se, or only a rule of conduct, compliance with which is to be tested by the conduct of a reasonably prudent person, often presents a problem of great difficulty. Where there exists a legislative enactment commanding or prohibiting for the safety of others the doing of a specific act and there is a violation of such enactment solely by one whose duty it is to obey it, such violation constitutes negligence per se; but where there exists a legislative enactment expressing for the safety of others, in general or abstract terms, a rule of conduct, negligence per se has no application, and liability must be determined by the application of the test of due care as exercised by a reasonably prudent person under the circumstances of the case.

554 P.2d at 441–42, quoting 119 N.E.2d at 443–44.

The command of AS 04.15.020(a) is clear and unequivocal; no vendor shall sell liquor to an intoxicated person. In accordance with the opinions of sister states interpreting similar statutes,[8] we hold that failure to comply with the strictures of AS 04.15.-020(a) amounts to negligence per se.[9]

■ Given this conclusion, it is evident that the trial court erred in refusing to give the requested negligence per se instruction. Moreover, such an instruction would have required the defendant to "prove affirmatively that his violation [of the statute] was excused." *Ferrell v. Baxter*, 484 P.2d 250, 266 (Alaska 1971); Restatement (Second) of Torts §§ 288A, 288B (1965). Thus, the error could not have been harmless. *Godfrey v. Hemenway*, 617 P.2d 3, 8 (Alaska 1980); *Lopez v. Bowen*, 495 P.2d 64, 66–67 (Alaska 1972).

II

Defendants contend that even if the statute is adopted as a more precise definition of the standard of care, Nazareno was not entitled to an instruction on negligence per se because the record does not contain "sufficient evidence from which a jury could reasonably infer that this statute ... was violated." *Godfrey v. Hemenway*, 617 P.2d at 7. "[T]he test is whether the facts and resulting inferences are such that reasonable people, viewing the evidence in the light most favorable to the party seeking the instruction, could justifiably have different views on the question." *Id.* at 7–8.

■ Here, defendants assert that there was no proof that Welch was served intoxicating beverages at the bar. Indeed, no witness testified to the type of drinks Welch was consuming, only that he had at least a few drinks. However, given the testimony as to the circumstances under which those drinks were purchased and consumed, we think the jury could properly infer that Welch was imbibing alcohol. We note that defendants did not even suggest otherwise at trial.

---

**7.** For example, in *Breitkreutz v. Baker*, 514 P.2d 17 (Alaska 1973), we declined to apply negligence per se concepts to a statute prohibiting following another vehicle "more closely than is reasonable or prudent," or to violations of the basic speed law prohibiting driving at greater than a reasonable or prudent speed. These provisions are nothing more than codifications of the reasonable person standard of care and, as such, impose no new legislative standard of care. See, generally, *Northern Lights Motel, Inc. v. Sweaney*, 561 P.2d 1176,

mod. on reh. 563 P.2d 256 (Alaska 1977); *Bachner v. Rich*, 554 P.2d 430 (Alaska 1976).

**8.** See, e.g., *Lewis v. State*, 256 N.W.2d 181 (Iowa 1977); *Trail v. Christian*, 298 Minn. 101, 213 N.W.2d 618 (1973).

**9.** We do not, however, express any opinion contrary to that contained in *Fruit v. Schreiner*, 502 P.2d 133, 142 (Alaska 1972), concerning the liability of the social host.

## III

Defendants also assert that a retrial of this case would be improper because Nazareno failed to submit sufficient evidence for reasonable jurors to find that any breach of defendants' duty was a legal cause of her injury. They contend that only by speculation could the jury find that the drinks served Welch by defendants were a substantial factor in his intoxication.

■ We elaborated on the requirement of causation in *State v. Abbott*, 498 P.2d 712, 727 (Alaska 1972), paraphrasing the Restatement (Second) of Torts § 432(2):

if two forces are operating to cause the injury, one because of the defendant's negligence and the other not, and each force by itself is sufficient to cause the injury, then the defendant's negligence may be found to be a substantial factor in bringing about the harm.

(Footnote omitted.) In the situation presented here, both the alcohol consumed before Welch became intoxicated, as Nazareno's theory of the case assumes he was, and that served and consumed afterwards, in purported violation of statute, presumably contributed to Nazareno's injury. Defendants can only be charged with negligence for serving him once he was intoxicated, and therefore it is that conduct that must be shown to have been both sufficient to cause the injury and a substantial factor in bringing about the harm.

■ We do not find the evidence on this point so entirely lacking that a reasonable jury would be precluded from finding the defendants responsible for Nazareno's injury. Nazareno was at the bar for about thirty minutes before she was injured, and during that time Welch was served two or three drinks. While the testimony indicated that Welch was drunk when first observed by Nazareno and her friends, we do not regard this as negating an inference that drinks served to Welch after he was intoxicated contributed substantially to his continuing intoxication. Accepting an argument that bar owners cannot be held liable for continuing to serve an intoxicated patron because the patron would have committed the same acts without the additional alcohol would be contrary to the public policy at stake in prohibiting service to intoxicated persons. Not only does the law frown "upon adding a straw to a camel's back previously broken," *Coulter v. Superior Court of San Mateo Cty.*, 21 Cal.3d 144, 145 Cal.Rptr. 534, at 541, 577 P.2d 669, at 676 (Mosk, J., concurring), but such actions increase the likelihood of injury resulting from the intoxicated person's conduct. *See Lawrence v. City of Los Angeles*, 53 Cal. App.2d 6, 127 P.2d 931, 932 n.1 (1942); B. Freeman, Drunk Driving Cases: Prosecution and Defense 161–62, 1975 (1970).[10]

In conclusion, we hold that the trial court erred in failing to give the requested negligence per se instruction, and remand the case for a new trial with proper instructions.

REVERSED and REMANDED.

COMPTON, J., not participating.

---

10. In ruling that a jury could so conclude, but would not be compelled to do so, we note that such an approach in actions against bar owners has been adopted elsewhere, *Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A.2d 873, 877–78 (1965), and that it accords with the principles expressed in the Restatement. Restatement (Second) of Torts § 433B, Comment b (1965). *Compare Sharp v. Fairbanks North Star Borough*, 569 P.2d 178, 181–82 (Alaska 1977); *City of Fairbanks v. Schaible*, 375 P.2d 201, 203–04 (Alaska 1962).