Verla MORRIS and Ted E. Morris, individually and as Personal Representative of the Estate of Elmer R. Morris, deceased, Appellants,

v.

FARLEY ENTERPRISES, INC., d/b/a the Pines Liquor Store, Appellee.

Norman HANSON and Delores Hanson, individually and as parents on Behalf of the ESTATE OF Randy A. HANSON, a deceased minor, Appellants,

v.

FARLEY ENTERPRISES, INC., d/b/a the Pines Liquor Store, Appellee.

Nos. 6013, 6042.

Supreme Court of Alaska.

March 4, 1983.

A. Lee Petersen, Anchorage, for appellants Hanson.

Robert Opland, Opland, Johnston & Boedeker, Anchorage, for appellants Morris.

Timothy M. Lynch and Deidre S. Ganopole, Abbott, Lynch & Farney, Anchorage, for appellees.

Before BURKE, C.J., and RABINOWITZ, MATTHEWS and COMPTON, JJ.

MATTHEWS, Justice.

On December 30, 1977 at approximately 9:30 p.m. an automobile occupied by five minors, including David Anderson, Randy Hanson and Elmer Morris, pulled up to The Pines Liquor Store in Anchorage. David Anderson, who was driving, and Randy Hanson entered the store together wherein Randy purchased a fifth of tequila for the five to drink. Randy was seventeen years old at the time.

During the course of the evening the five companions drank the entire contents of the bottle. Thereafter at approximately 2:00 a.m. David made an illegal left-hand turn and collided with another automobile. Randy and Elmer were killed in the crash. David's blood alcohol level was measured at .134% approximately ninety minutes after the collision. At the time of the accident a person with a blood alcohol level of .10% was presumed to be intoxicated. AS 28.35.033 (repealed 1980).

The parents of Randy and Elmer filed complaints against Farley Enterprises, Inc., d/b/a The Pines Liquor Store ("The Pines") seeking recovery for the wrongful deaths of their sons. They alleged causes of action based on The Pines' violation of AS 04.15.-020(a) (repealed 1980), which prohibited sales of alcoholic beverages to persons under the age of nineteen years.[1] The cases were consolidated for trial, and on April 1, 1981 the superior court granted The Pines' motion for summary judgment against both plaintiffs. The parents have appealed.

I

NEGLIGENCE PER SE

■■■ In *Nazareno v. Urie*, 638 P.2d 671 (Alaska 1981), we held that AS 04.15.020(a)

established a minimum standard of conduct and that failure to adhere to the standard so established constituted negligence per se. We relied on the Restatement (Second) of Torts § 286 (1965) which provides:

> The court may adopt as the standard of conduct of a reasonable man the requirements of a legislative enactment or an administrative regulation whose purpose is found to be exclusively or in part
>
> (a) to protect a class of persons which includes the one whose interest is invaded, and
>
> (b) to protect the particular interest which is being invaded, and
>
> (c) to protect that interest against the kind of harm which has resulted, and
>
> (d) to protect that interest against the particular hazard from which the harm results.

In *Nazareno* the plaintiff was a third person injured by an inebriate to whom the defendant had sold liquor whereas, in the case of Hanson, the victim was the customer. However, the language of *Nazareno* clearly suggests that the statute was designed to protect customers as well as third parties and thus that the doctrine of negligence per se should also apply to them:

> [I]t is clear that the vendor is under a duty not to sell liquor where the sale creates a risk of harm *to the customer* or to others. *See Vance v. United States,* 355 F.Supp. 756, 761 (D.Alaska 1973). This conclusion flows from general principles of negligence law; every person is under a duty to avoid creating situations which pose an unreasonable risk of harm to others. In selling liquor to an intoxicated customer, where it is evident that the customer *may injure himself* or others as a result of the intoxication, a vendor is not acting as a reasonable person would.

1. AS 04.15.020(a) provided:

Sale to minors or intoxicated persons. It is unlawful to give, barter or sell any intoxicating liquors, including beer and wine, to a person under the age of 19 years or to an intoxicated person, and it is unlawful for a licensee to permit the giving, selling, bartering or drinking of any intoxicating liquor

within the premises covered by a license to or by either of the forbidden classes, nor shall the licensee permit the drinking of hard or distilled liquors by any person upon the premises covered by his license, unless it is permitted under the classification of his license.

*Id.* at 674 (emphasis added). *Vance v. United States,* upon which we relied in *Nazareno,* is a case involving injuries to a customer who became intoxicated. The court held that the doctrine of negligence per se applied and stated, referring to AS 04.15.020:

> [I]t is apparent that, although the principal purpose of the statute may have been to protect innocent third parties from the negligence of an intoxicated consumer, the purpose at least in part was also to protect the consumer himself. If the consumer involved in this case were a minor rather than an alleged intoxicated person, it would be logical to conclude that the statute was enacted by the Legislature to protect minors.

355 F.Supp. at 759.

Based on the foregoing, we have no difficulty in concluding that the doctrine of negligence per se regarding violations of AS 04.15.020(a) applies to this case. Indeed, probably in light of *Nazareno,* The Pines does not argue that the doctrine of negligence per se does not apply here. Instead, it argues that the accident was not proximately caused by the sale of liquor and that complicity of the decedents in contributing to or encouraging the intoxication of David Anderson bars any recovery.

## II

### PROXIMATE CAUSE

■ Negligent conduct may be found to be the "legal cause" of harm if the negligent act "was more likely than not a substantial factor in bringing about [the] injury" *Sharp v. Fairbanks North Star Borough,* 569 P.2d 178, 181 (Alaska 1977) (quoting *City of Fairbanks v. Nesbett,* 432 P.2d 607, 610 (Alaska 1967)); and there is no rule of law relieving the actor from liability because of the manner in which his negligence has resulted in the harm. Restatement (Second) of Torts § 431(b) (1965).

2. *Brookins v. The Round Table, Inc.,* 624 S.W.2d 547, 550 (Tenn.1981) involved circumstances substantially similar to the facts alleged in the present case. There the court held

■ In *State v. Abbott,* 498 P.2d 712 (Alaska 1972) we clarified the substantial factor test as follows:

> Normally, in order to satisfy the substantial factor test it must be shown *both* that the accident would not have happened "but for" the defendant's negligence and that the negligent act was so important in bringing about the injury that reasonable men would regard it as a cause and attach responsibility to it.

498 P.2d at 727 (footnote omitted, emphasis in original). The issue for this court is thus whether reasonable persons could conclude that the deaths of Randy and Elmer would not have occurred but for the sale of alcohol to Randy and that the sale was so important in bringing about their deaths that it should be regarded as a responsible cause.

It is clear that reasonable persons could conclude that the deaths would not have occurred but for the sale. But for the sale David Anderson would have had no liquor to drink. No evidence has been presented that liquor was acquired from another source. Since David's blood alcohol level was measured at .134% approximately ninety minutes after the accident, a reasonable person could conclude that but for his consumption of alcohol he would not have made an illegal turn and collided with another automobile.

Reasonable persons could also conclude that the sale was so important in bringing about the deaths that they would regard it as a responsible cause. To meet this test, it is of course not necessary that the sale be the sole or even the predominant cause of the harm. "The wrongful conduct of a number of third persons may also be a cause of the harm, so that such third persons may be liable for it, concurrently with the actor." Restatement (Second) of Torts § 430 comment d (1965), *cited with approval in Sharp,* 569 P.2d at 181 n. 6. We thus conclude that the issue of substantial factor presents a question for the jury in these cases.[2]

that proximate cause was a question of fact for the jury. *See also Bell v. Poindexter,* 336 Ill. App. 541, 84 N.E.2d 646, 648 (Ill.App.1949); *Kvanli v. Village of Watson,* 272 Minn. 481, 139

We further conclude that the wrongful conduct of Randy Hanson in providing David with the means of becoming intoxicated did not amount to a superseding cause as a matter of law and therefore did not operate to relieve The Pines of liability. In *Sharp v. Fairbanks North Star Borough,* 569 P.2d 178, 182 (Alaska 1977) and in *Yukon Equipment Inc. v. Fireman's Fund Insurance Co.,* 585 P.2d 1206, 1211 (Alaska 1978), we observed that the perspective to be taken in deciding whether a superseding cause exists is one of hindsight, asking whether "looking back from the harm to the actor's negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm." Quoting Restatement (Second) of Torts § 435 (1965). In *Sharp* we also cited with approval Professor Prosser's position that intervening causes which lie within the scope of the foreseeable risk, or have a reasonable connection to it are not superseding causes which relieve the initial tortfeasor from liability. 569 P.2d at 182 n. 9 (citing W. Prosser, Handbook of the Law of Torts § 44, at 281 (4th ed. 1971)). It was neither unforeseeable nor extraordinary that the youth who purchased liquor would share it with his companions and that an automobile accident caused by the companion's intoxication would result. Many similar episodes appear in reported cases.[3] Consequently, no superseding cause exists and the jury need not be instructed on the issue of superseding cause.

### III

### COMPLICITY

The Pines also argues that the complicity of the decedents in contributing to the intoxication of David Anderson bars these actions. The Pines notes that the act of Randy Hanson in giving liquor to David Anderson was forbidden by AS 04.15.060(b) (repealed 1980),[4] and argues that permitting a recovery in effect countenances his illegal conduct. In *Miller v. City of Portland,* 604 P.2d 1261 (Or.1980) the Supreme Court of Oregon accepted a similar argument:

> [The statute] prohibits minors, under the circumstances here, from purchasing or acquiring alcoholic liquor and provides a penalty for the violation (a fine). It would be inconsistent with apparent legislative policy to reward the violator with a cause of action based upon the conduct which the legislature has chosen to prohibit and penalize.

*Id.* at 1265 (footnote omitted). Complicity in similar circumstances has been recognized as a defense by other authorities as well. *See Nelson v. Araiza,* 69 Ill.2d 534, 14 Ill.Dec. 441, 372 N.E.2d 637, 638–39 (Ill. 1977); *Heveron v. Village of Belgrade,* 288 Minn. 395, 181 N.W.2d 692, 695 (Minn.1970).

However, there are also authorities which reject defenses of this nature. For example, in *Vance v. United States,* it was argued that the plaintiff, an intoxicated customer, was contributorily negligent per se since he had violated a statute making his drunkenness a crime. The court rejected that argument, noting that the purpose of the statute was "to prevent annoyance and not to protect one who serves liquor to an intoxicated person against civil liability." 355 F.Supp. at 760. Similarly, in *Zerby v. Warren,* 297 Minn. 134, 210 N.W.2d 58, 62–63 (Minn.1973) the defendant had unlawful-

---

N.W.2d 275, 278 (Minn.1965); *Munford, Inc. v. Peterson,* 368 So.2d 213, 218 (Miss.1979); *Fladeland v. Mayer,* 102 N.W.2d 121, 123 (N.D. 1960); *Davis v. Billy's Con-Teena, Inc.,* 284 Or. 351, 587 P.2d 75, 78 (Or.1978).

**3.** *See, e.g., Davis v. Shiappacossee,* 155 So.2d 365 (Fla.1963); *Keaton v. Kroger Co.,* 143 Ga. App. 23, 237 S.E.2d 443 (Ga.App.1977); *Anderson v. Dale,* 90 Ill.App.2d 332, 232 N.E.2d 767 (Ill.App.1967); *Lover v. Sampson,* 44 Mich. App. 173, 205 N.W.2d 69 (Mich.App.1972) and cases cited at n. 2 *supra.*

**4.** AS 04.15.060(b) provided:

A person who influences or attempts to influence the sale, giving or serving of intoxicating liquor to a person under 19 years of age, by misrepresenting the age of that person, or who orders, requests, receives, or procures intoxicating liquor from a licensee, employee, or other person, for the purpose of selling, giving, or serving it to a person under 19 years of age, is guilty of a misdemeanor.

ly sold glue containing toluene to a minor. The minor in turn shared it with a friend who unlawfully and fatally sniffed its fumes. The defendant asserted a defense of contributory negligence which was rejected in the trial court. On appeal, the trial court's ruling was affirmed. The Minnesota Supreme Court reasoned that the statute prohibiting the sale of glue to minors was intended to protect minors from their own misconduct because of their inability to protect themselves,[5] and that to permit the defense of contributory negligence would be to displace the seller's responsibility with that of the minor and thus defeat the purpose of the statute. Similar reasoning has led to a rejection of the customer's fault as a complete defense in cases involving the unlawful sale of liquor. *Chausse v. Southland Corporation,* 400 So.2d 1199, 1203 (La.Ct.App.1981); *Soronen v. Olde Milford Inn, Inc.,* 46 N.J. 582, 218 A.2d 630, 636 (N.J.1966).

We believe that the complicity of a minor who is a party to an illegal liquor transaction should not preclude his action against the liquor seller. Our purpose in adopting AS 04.15.020(a) as a standard of negligence was to advance the policy underlying the statute.[6] That policy was, in part, to protect minors from the effects of alcohol. It was based on an assumption that minors are relatively incapable of preventing themselves from abusing that dangerous drug. It would run counter to the purpose on which we have acted in adopting the statute as a negligence standard, and

thus to the policy of the statute itself, to hold that a minor is barred from maintaining an action by his own illegal role in the liquor's acquisition. As between the seller and the minor, it is the seller who is the responsible party in the transaction. The fact that the minor's conduct was also a misdemeanor under former AS 04.15.060(b) does not change this relationship. That statute was passed to prevent minors from acquiring intoxicating liquor, not to protect those who sell liquor to minors from civil liability.

For these reasons we hold that the complicity of the decedents in contributing to the intoxication of David Anderson does not bar these actions.[7]

REVERSED AND REMANDED.

CONNOR, J., not participating.

---

**5.** The court cited, among other authorities, Restatement (Second) of Torts § 483 comment c (1965) which provides:

> There are, however, exceptional statutes which are intended to place the entire responsibility for the harm which has occurred upon the defendant. A statute may be found to have that purpose particularly where it is enacted in order to protect a certain class of persons against their own inability to protect themselves. Thus a statute which prohibits the sale of firearms to minors may be clearly intended, among other purposes, to protect them against their own inexperience, lack of judgment, and tendency toward negligence, and to make the seller solely responsible for any harm to them resulting from the sale. In

such a case the purpose of the statute would be defeated if the contributory negligence of the minor were permitted to bar his recovery.

**6.** W. Prosser, Handbook of the Law of Torts § 36 at 191 (4th ed. 1971).

**7.** Whether comparative negligence may be asserted as a partial defense has not been briefed or argued, and we therefore intimate no view on this point. We do note however, that there are authorities on both sides of the issue: Comparative negligence defense rejected: *Zerby v. Warren,* 297 Minn. 134, 210 N.W.2d 58, 63 (Minn.1973). Comparative negligence defense allowed: *Munford, Inc. v. Peterson,* 368 So.2d 213, 219 (Miss.1979).