James A. McCARTHY and Shawn Smith, Appellants,

v.

Sean McCARTHY, Appellee.

No. S–1760.

Supreme Court of Alaska.

April 1, 1988.

D. Randall Ensminger, Law Offices of John Rose, Fairbanks, for appellants.

Howard Staley, Schaible, Staley, DeLisio & Cook, Inc., Fairbanks, for appellee.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

MATTHEWS, Justice.

In this automobile collision case, the jury in a special verdict found that both drivers were negligent but that the negligence of the defendant was not a legal cause of the accident. The appellants, plaintiffs below, contend that no reasonable jury could conclude that defendant's negligence was not a legal cause of the accident, and that the evidence to support this conclusion is either completely lacking or so slight and unconvincing as to make the verdict plainly unreasonable and unjust. They thus contend that the trial court erred in refusing to grant their motion for a new trial.

The accident occurred in a parking lot bounded on the west by South Cushman Street. Just before the accident, the defendant was in the parking lot driving north, roughly parallel to the path of the plaintiff's vehicle on South Cushman Street. Defendant stated that he was traveling faster than he normally would have been because the parking lot was covered with snow and he was afraid that his low-slung vehicle would become stuck if he did not keep his speed up. He observed James McCarthy's vehicle traveling slowly on South Cushman Street and, thinking that James McCarthy was letting him pull in front, the defendant, in his words, "started to pull out." At this point James McCarthy made a shallow angled turn from Cushman Street into the parking lot and into the path of defendant's vehicle. A collision resulted.

In a special verdict the jury found that both James McCarthy and the defendant were negligent, that James McCarthy's negligence was a legal cause of the accident, and that the defendant's negligence was not. The theory of negligence on the part of the defendant was that he was negligent in the action he took—"starting to pull out" at a faster than normal speed —when he mistakenly assumed that plaintiff had slowed in order to allow him to proceed.

■ It is our view that no reasonable juror could have concluded that defendant's action of proceeding when he should have been stopping was not a legal cause of the accident and the verdict is thus plainly unreasonable and unjust. The defendant admitted a causal relationship. He stated: "Yeah, my assumption, yeah I feel that was one of the causes." Further, he testified that if he had known that the plaintiff was going to turn into the lot he could have avoided the accident.

The court instructed the jury on the issue of proximate cause[1] as follows:

A proximate cause of an injury is an act or omission which, in natural and continuous sequence, produces the injury, and without which the injury would not have occurred. That is, but for the negligent conduct the injury would not have occurred.

It is a cause which is a substantial factor in bringing about the injury. A substantial factor is one which is so important in bringing about the injury that reasonable men would regard it as a cause and attach responsibility to it.

In order to be the proximate cause, the cause does not have to be the sole cause.

This instruction has two elements: "but for" cause ("but for the negligent conduct the injury would not have occurred") and "substantial factor" cause (a cause "so important in bringing about the injury that reasonable men could regard it as a cause and attach responsibility to it").

But for cause is causation in fact. The "but for" question in this case is would the accident have happened if the defendant had not acted as he did? This is "a matter upon which lay opinion is quite as competent as that of the most experienced court."

W. Keeton, D. Dobbs, R. Keeton & R. Owen, *Prosser and Keeton on the Law of Torts* § 41, at 264 (5th ed. 1984). The defendant's opinion concerning cause in this case is competent as to the but for cause element of the instruction.

The "substantial factor" element of the instruction is more complex. In one respect it is more inclusive than but for cause because it encompasses cases where there are two or more forces each of which is alone sufficient to cause the injury. *Wilson v. City of Kotzebue*, 627 P.2d 623, 630 (Alaska 1981). Prosser & Keeton, *supra*, at 266–68. This is not such a case. Primarily, however, the function of the substantial factor element is to limit liability in cases where but for cause exists. As such, it has been criticized:

[W]hen the "substantial factor" is made to include all of the ill-defined considerations of policy which go to limit liability once causation in fact is found, it has no more definite meaning than "proximate cause," and it becomes a hindrance rather than a help.

It is particularly unfortunate in so far as it suggests that the questions involved are only questions of causation, obscuring all other issues, and as it tends to leave to the jury matters which should be decided by the court.

Prosser & Keeton, *supra*, at 278.

This criticism, though it seems valid, need not detain us here, for this is not a case which presents any of the imponderables which sometimes make proximate cause a difficult subject. We have here no unforeseeable or indirect consequences such as those presented in the classic case of *Palsgraf v. Long Island R.R. Co.*, 248 N.Y. 339, 162 N.E. 99 (1928).[2] This is a

---

1. In the special verdict form, the jury was asked whether the defendant's negligence was a legal cause of the accident. No instruction relating proximate cause to legal cause was given, but we assume that the jury understood that the court was using the two terms interchangeably.

2. The facts of *Palsgraf* were:
   A passenger was running to catch one of the defendant's trains. The defendant's servants trying to assist the passenger to board it, dislodged a package from the passenger's arms

and it fell upon the rails. The package contained fireworks, which exploded with some violence. The concussion overturned some scales, many feet away on the platform, and they fell upon the plaintiff and injured her. The defendant's servants, who were found by the jury to have been negligent in what they did, could have foreseen harm from their clumsiness to the package, or at most to the passenger boarding the train; but no harm to the plaintiff could possibly have been anticipated.

garden variety case "where two automobiles collide [and] the causal connection is quite clear, and there is no doubt that both parties have played an important role in bringing about the result." Prosser & Keeton, *supra*, at 276. There is no reason on these facts to impose any limitation on the but for cause requirement and it cannot be reasonably concluded that defendant's negligence did not meet both elements of the instruction.

It is possible that the jury determined the cause issue adversely to the plaintiffs because it found that James McCarthy's fault was substantially greater than the defendant's. Such a determination would reflect a misunderstanding of the court's instructions, as degrees of fault were to be employed in the comparative negligence interrogatory contained in the special verdict, and not as part of the cause interrogatory. It is, however, not necessary to speculate as to why the jury went wrong, so long as it is clear that the cause question could not reasonably have been decided as it was. Since that is our conclusion, this case must be remanded for a new trial.

■ The appellants also argue that the trial court erred in refusing to to instruct the jury on negligence per se or evidence of negligence based on the defendant's alleged violation of certain Alaska Administrative Code regulations. 13 AAC 02.257 requires the driver of a vehicle emerging from a private road or driveway to stop at a point nearest the street to be entered where he has a view of approaching traffic on the street, and 13 AAC 02.135(b) requires the driver about to enter a roadway from a place other than a roadway to yield the right-of-way to all vehicles approaching on the roadway which are so close as to constitute an immediate hazard. There is no evidence that the defendant violated either of these regulations. The accident occurred in the parking lot at a point esti-

mated to be fifteen feet from the edge of the roadway by James McCarthy and thirty feet from the edge of the roadway by the defendant. Since the regulations were not violated the requested instructions were properly refused. *Bachner v. Rich,* 554 P.2d 430, 441 (Alaska 1976); *Bailey v. Lenord,* 625 P.2d 849, 855 (Alaska 1981).[3]

REVERSED and REMANDED for a new trial.

COMPTON, Justice, joined by MOORE, Justice, dissenting.

I disagree with the opinion of the court for several reasons. First, the court states: "It is our view that no reasonable juror could have concluded that defendant's action of proceeding when he should have been stopping was not legal cause of the accident and the verdict is thus plainly unreasonable and unjust." It is not, however, within the province of this appellate court to determine what a reasonable juror could have concluded. It is instead our task to determine whether the trial court abused its discretion when it determined that the jury verdict was reasonable and refused to grant a new trial. We have repeatedly held: "The grant or denial of a motion for a new trial is a matter of discretion with the trial court and will not be interfered with 'except in the most exceptional circumstances and to prevent a miscarriage of justice.'" *Exxon Corp. v. Alvey,* 690 P.2d 733, 741 (Alaska 1984) (quoting *International Bhd. of Teamsters, Local 959 v. King,* 572 P.2d 1168, 1178 (Alaska 1977) (quoting *National Bank of Alaska v. McHugh,* 416 P.2d 239, 244 (Alaska 1966))). The court fails to show that this case presents "exceptional circumstances."

Second, the court takes issue with inclusion of the "substantial factor" test in the jury instruction on legal cause. The court quotes extensively from *Prosser & Keeton on the Law of Torts*[1] regarding the use of

---

Prosser & Keeton, *supra,* at 285.

**3.** However, on retrial it would not be error to use the regulations in an instruction establishing a motorist's duty to stop or be able to stop before entering a street from a parking lot. Such an instruction would have a bearing on

the question of what speed is reasonable when approaching a street from within a parking lot.

**1.** W. Keeton, D. Dobbs, R. Keeton & R. Owen, *Prosser & Keeton on the Law of Torts* (5th ed. 1984).

the substantial factor test as a determinant of legal cause. Apparently on the advice found in that treatise, this court introduces the test of "unforeseeable or indirect consequences" as the determinant of legal cause. Finding no unforeseeable or indirect consequences in the case at bar, the court concludes: "There is no reason on these facts to impose any limitation on the but for cause requirement and it cannot be reasonably concluded that defendant's negligence did not meet both elements of the instruction."

I note first that the correctness of this jury instruction is not an issue in this appeal. The court *sua sponte* has decided to review this instruction.

Second, the court has reached a conclusion inconsistent with Alaska law. Although *Prosser & Keeton on the Law of Torts* is an excellent legal reference source, its analysis of legal cause has not been adopted as the law of this state. Instead, this court has embraced the "substantial factor" test as the appropriate test for legal cause. We have written:

> Negligent conduct may be found to be the "legal cause" of harm if the negligent act "was more likely than not a substantial factor in bringing about [the] injury."

*Morris v. Farley Enter., Inc.,* 661 P.2d 167, 169 (Alaska 1983) (quoting *Sharp v. Fairbanks North Star Borough,* 569 P.2d 178, 181 (Alaska 1977) (quoting *City of Fairbanks v. Nesbett,* 432 P.2d 607, 610 (Alaska 1967))); *see also State v. Abbott,* 498 P.2d 712, 726 (Alaska 1977) (quoting *City of Fairbanks,* 432 P.2d at 610) ("it [is] proper to find that a defendant's negligent conduct was the 'legal cause' of plaintiff's injury if the negligent act 'was more likely than not a substantial factor in bringing about [plaintiff's] injury.' ")

We have also clearly held that:

> [t]he issue of proximate [or legal] cause is normally a question for the jury to decide and becomes a matter of law only where reasonable minds could not differ.

*Dura Corp. v. Harned,* 703 P.2d 396, 406 (Alaska 1985).

Considering the unchallenged jury instruction here given, which included the "substantial factor" test, the jury's decision was not unreasonable. Based on the testimony presented, the jury could reasonably conclude that defendant was negligent in assuming that James McCarthy intended to allow him to enter South Cushman Street, or in driving at the speed he testified to. Likewise, the jury could conclude that James McCarthy was negligent because 1) he cut in front of defendant after making a last minute decision to enter the lot and proceed toward the gas pumps, 2) he failed to signal before entering the lot to convey his intention to turn into it, and 3) he drove notwithstanding a blind spot in his pickup truck that prevented him from seeing defendant's vehicle.

The jury could also reasonably conclude that defendant's negligence was *not* a substantial factor in causing the accident, but that James McCarthy's negligence *was.* Likewise, the jury could conclude that defendant's negligent assumption regarding James McCarthy's intentions, or defendant's speed, was not a substantial factor leading to James McCarthy and his passenger's damages, but rather that James McCarthy's failure to signal, his entry into the lot at an angle, and his failure to see defendant's vehicle, even at the time of the collision, were the substantial factors leading to the damages he and his passenger suffered. In other words, it is reasonable for the jury to find that had defendant made *no* assumption, or driven at a lower speed, the accident would still have occurred.

Finally, the court attempts to bolster its argument by reference to defendant's "admission" of causation. The record, however, reflects that defendant had not the slightest notion of the concept of legal or proximate cause. Its meaning was not explained to him at any point during his testimony. Defendant's testimony was simply that he felt that his assumption about what James McCarthy was going to do was "one of the causes" of the accident.

Proximate cause is a legal concept. Specific conduct is the legal or proximate

cause of an injury if the conduct can be said to be more likely than not a substantial factor in bringing it about. Obviously this is not what the term "cause" means in the everyday parlance of a layperson. Defendant was merely stating his opinion regarding one of the causes in bringing about the collision. He did not admit to fault. The jury is entitled to grant whatever weight it chooses to this testimony, or even disregard it all together.

I therefore conclude that there was sufficient conflicting evidence presented to support the jury verdict. There was certainly insufficient consistent evidence presented to make the jury verdict a "miscarriage of justice." As a result, the trial court did not abuse its discretion by denying James McCarthy's motion for a new trial.