Arnold BAKKE and Alice Bakke,
Appellants/Cross–Appellees,

v.

STATE of Alaska, Alaska Lumber and Pulp Company, Inc., Successor in interest to Wrangell Lumber Company, Sykes Logging Company and John Does 1–5, Appellees/Cross–Appellants.

Nos. S–1545, S–1670.

Supreme Court of Alaska.

Oct. 30, 1987.

Phillip J. Eide, Guess & Rudd, Anchorage, for appellants/cross-appellees.

Anthony M. Sholty, Faulkner, Banfield, Doogan & Holmes, Juneau, and Joseph Geldhof, Asst. Atty. Gen., Grace B. Schaible, Atty. Gen., Juneau, for appellees/cross- appellants.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

OPINION

PER CURIAM.

This is an appeal from a judgment of the superior court in which appellees/cross-ap-

pellants State of Alaska and Alaska Lumber and Pulp Company (hereinafter State, collectively) were found ten percent and appellant Bakkes ninety percent responsible for property damage suffered by the Bakkes. The damage occurred when a landslide, which started on state property, entered the Bakkes' property. Such damage included damage to buildings and other structures, as well as to the real property. We remand with instructions.

## I

An act or omission is said to be the proximate cause of an injury when the injury would not have happened "but for" the act or omission and reasonable persons would regard this act or omission as a cause and attach responsibility to it. *E.g., Division of Corrections v. Neakok,* 721 P.2d 1121, 1135 (Alaska 1986); *State v. Abbott,* 498 P.2d 712, 726–27 (Alaska 1972). A corollary of this statement is, of course, that if the injury would have happened in exactly the same manner in the absence of the act or omission, that act or omission is not the proximate cause of the injury. *E.g., Markiewicz v. Salt River Valley,* 118 Ariz. 329, 576 P.2d 517, 526 (Ariz.App. 1978); *Challis Irrigation Co. v. State,* 107 Idaho 338, 689 P.2d 230, 235 (App.1984); *see also* Restatement (Second) of Torts, § 432(1) (1965).[1] An act or omission need not be *the* single producing cause of an injury to be a proximate cause, but need only be *a* producing cause. *Sharp v. Fairbanks North Star Borough,* 569 P.2d 178, 181 (Alaska 1977). A finding of proximate cause is normally considered to be factual in nature, *e.g., Dura Corp. v. Harned,* 703 P.2d 396, 406 (Alaska 1985); *Turnbull v. LaRose,* 702 P.2d 1331, 1336–37 (Alaska 1985); *Sharp,* 569 P.2d at 183–84, and as

such will be reversed only when clearly erroneous. *E.g., State v. Doyle,* 735 P.2d 733, 738 n. 7 (Alaska 1987); *Hebert v. Bailey,* 672 P.2d 1307, 1309–10 (Alaska 1983); *Jamison v. Consolidated Utilities,* 576 P.2d 97, 102 (Alaska 1978); *see also* Alaska R.Civ.P. 52(a).[2] Under Rule 52(a), however, the trial court is under a duty to give the appellate court, by sufficiently detailed and explicit findings, "a clear understanding of the basis of the trial court's decision" so as to enable the appellate court to determine the grounds on which the trial court reached that decision. *Merrill v. Merrill,* 368 P.2d 546, 548 (Alaska 1962) (quoting *Irish v. United States,* 225 F.2d 3, 8 (9th Cir.1955)).

From the record and findings before us, we are unable to determine the basis of the trial court's decision with regard to the question of causation: though the trial court concluded that the State's 1964 logging operation was a proximate cause of the Bakkes' property damage, its factual findings do not support that conclusion. Specifically, we are unaware of any findings which support a conclusion that the Bakkes suffered greater injury than they would have suffered had the State's logging operation not taken place.

Accordingly, we remand this action with instructions that the trial court either support its conclusion of proximate cause by specific and detailed factual findings or dismiss the action in favor of the State. If the trial court is able to support its conclusion of proximate cause, it will enter judgment in favor of the Bakkes in accordance with section II of this opinion.

## II

Article I, section 18 of the Alaska Constitution provides that:

1. The Restatement (Second) of Torts, § 432(1) (1965) provides:

   Except as stated in Subsection (2), the actor's negligent conduct is not a substantial factor in bringing about harm to another if the harm would have been sustained even if the actor had not been negligent.

2. Alaska R.Civ.P. 52(a) provides in part:

   In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its

conclusions of law thereon and judgment shall be entered pursuant to Rule 58; and in granting or refusing interlocutory injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. Requests for findings are not necessary for purposes of review. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.

Private property shall not be taken or damaged for public use without just compensation.

This clause is to be liberally interpreted in favor of the property owner, *Alsop v. State*, 586 P.2d 1236, 1239 & n. 7 (Alaska 1978), and the inclusion of the term "damage" affords the property owner broader protection than that conferred by the fifth amendment of the federal constitution. *State v. Hammer*, 550 P.2d 820, 823–24 (Alaska 1976). Property is "taken" or "damaged" for constitutional purposes when the State deprives the property owner of the economic advantages of that ownership, *Grant v. State*, 560 P.2d 36, 39 (Alaska 1977); *Stewart & Grindle, Inc. v. State*, 524 P.2d 1242, 1246 (Alaska 1974), for a public purpose. Alaska Const. art. I, sec. 18. Once the state has taken or damaged property, the property owner is entitled to that compensation which will place the owner in, as far as is possible, the same position which the owner occupied prior to the taking. *Ketchikan Cold Storage v. State*, 491 P.2d 143, 150 (Alaska 1971).

■ With reference to these principles, it is clear that if the State's 1964 logging operation was a proximate cause of the Bakkes' injury, the State has deprived them of the economic benefits of ownership even though it may not have intended to do so, and even though its 1964 logging operation did not directly and immediately affect the Bakkes' land. First, it is not disputed that the logging operation was for a public purpose. Second, the Bakkes suffered injury and thus were denied the economic benefits of ownership.

We recently approved a claim for inverse condemnation in similar circumstances. In *State v. Doyle*, 735 P.2d 733 (Alaska 1987), several homeowners sued the State for, *inter alia*, inverse condemnation for injury suffered from the construction of a new airport runway. *Id.* at 734. The homeowners contended that the noise caused by airplane overflights amounted to the condemnation of an aerial easement, thus lowering their property values. *Id.* We agreed, holding that a claim for inverse condemnation was proper even though the

residential property values did not actually decrease, but merely did not appreciate as quickly as expected. *Id.* at 735–38. The question presented in the present case is much simpler: should a claim for inverse condemnation lie where State action initiated for a public purpose physically damages and thereby decreases the value of property held by a private person?

The California Supreme Court, in *Albers v. County of Los Angeles*, 62 Cal.2d 250, 42 Cal.Rptr. 89, 398 P.2d 129 (1965), answered that question affirmatively. In *Albers*, the County constructed a road in a prehistoric slide area. *Id.* at 131. This construction caused the land to slide, which in turn resulted in massive property damage to persons along the road. *Id.* Although it was conceded that the road was not negligently built, the court permitted property owners injured by the slide to recover under an inverse condemnation theory, holding that California's takings clause applied to any case where actual physical damage is proximately caused to real property, whether intentionally or negligently, by the construction of a public work deliberately planned and carried out by a public agency. *Id.* at 136–37. The court concluded its discussion on the main issue noting:

"The tendency under our system is too often to sacrifice the individual to the community; and it seems very difficult in reason to show why the State should not pay for property which it destroys or impairs the value, as well as for what it physically takes."

*Id.* 398 P.2d at 137 (quoting *Bacich v. Board of Control*, 23 Cal.2d 343, 144 P.2d 818, 823 (1943)). Significantly, the wording of California's takings clause, California Const. art. I, sec. 14, is identical to that of Alaska's.

We are persuaded by the approach taken in *Albers* and, accordingly, rule that the Bakkes are entitled to full compensation for all damages proximately caused by the State's 1964 logging operation. We do not find our decision in *City of Anchorage v. Scavenius*, 539 P.2d 1169 (Alaska 1975), relevant to this discussion.

## III

The trial court's determination as to the prevailing party is VACATED for reconsideration on remand. All other issues have been mooted by our disposition above and we thus decline to discuss them at this time. The judgment of the superior court is REMANDED for further proceedings consistent with this opinion.