958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Marie B. KORMENDY, Plaintiff-Appellant,
v.
ARCO ALASKA, INC., Defendant-Appellee.
Marie B. KORMENDY, Plaintiff-Appellee,
v.
ARCO ALASKA, INC., Defendant-Appellant.
 Nos. 90-35069, 90-35170.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1992.
Decided March 25, 1992.
 
 Before HUG, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 Marie B. Kormendy appeals the judgment after a bench trial for ARCO Alaska, Inc. ("ARCO"). ARCO cross-appeals the denial of its motion for attorney fees. We have jurisdiction over this diversity action under 28 U.S.C. § 1291 and affirm both the district court's judgment for ARCO and its denial of attorney fees.
 
 FACTS
 
 3
 Kormendy, was employed by VECO, Inc. ("VECO"), a subcontractor for ARCO, on the North Scope of Alaska at the Kuparuk site. Kormendy was injured in an automobile accident on her way to work. The weather conditions at the time of the accident were extremely harsh: the temperature was well below zero, the sky was dark, and snow was being blown by wind.
 
 
 4
 Kormendy was a passenger in a vehicle driven by Ray Tarte, a fellow VECO employee. Tarte was driving from the housing compound to the office complex along a two lane road when he was forced to stop behind a stalled ARCO vehicle and a pickup truck. Shortly thereafter, John Tomasino's vehicle struck Tarte's vehicle.
 
 
 5
 As a result of the collision, Kormendy sustained serious injuries. She sued ARCO alleging common law negligence and negligence per se for violation of Alaska traffic laws. After a bench trial, the court found that Kormendy failed to prove common law negligence or negligence per se, and that ARCO's actions were not a proximate cause of Kormendy's injuries. The court then denied ARCO's motion for attorney fees.
 
 DISCUSSION
 
 6
 Under Alaska law, "[a]n act or omission is said to be the proximate cause of an injury when the injury would not have happened 'but for' the act or omission and reasonable persons would regard this act or omission as a cause and attach responsibility to it." Bakke v. Alaska, 744 P.2d 655, 656 (Alaska 1987). The district court found that ARCO's action in abandoning the vehicle, while a "but for" cause of the accident, was not a substantial cause of Kormendy's injury. Order of Dec. 5, 1989, at 4.
 
 
 7
 This finding is not clearly erroneous. The court found that Tomasino's negligence in driving the vehicle that hit Kormendy was the substantial cause of the injury. It noted that other vehicles were able to see the stalled ARCO vehicle and either passed or stopped without incident. Id.; Factual Finding 1.6, Order of Oct. 27, 1989, at 2-3.
 
 
 8
 Alaska v. Guinn, 555 P.2d 530 (Alaska 1976), cited by Kormendy, does not compel a contrary result. In Guinn, the Alaska Supreme Court held that the state trial court did not clearly err in finding that the government's failure to impound a truck parked for number of days on a public highway was a proximate cause of plaintiff's fatal traffic collision with the truck. Id. at 539. The court did not hold that under Alaska law stalled vehicles are invariably the proximate cause of the traffic collisions with which they are involved.
 
 
 9
 The factfinder is better suited than this court to make the fact-specific proximate cause finding. Our task, like the task faced by the Alaska Supreme Court in Guinn, is to review the trial court's findings for clear error. Like the court in Guinn, we decline to second-guess the trial court when its factual finding is not clearly erroneous.[1]
 
 
 10
 ARCO argues it is entitled to reasonable attorney fees and expenses pursuant to Alaska law. We review an district court's denial of attorney fees under Alaska law for an abuse of discretion. Cooper v. Carlson, 511 P.2d 1305, 1309 (Alaska 1973). Alaska Civil Rule 82 provides that when a prevailing party does not recover a money judgment, "attorney's fees may be fixed by the court in its discretion in a reasonable amount." Alaska Civil Rule 82(a)(1).
 
 
 11
 In Cooper, the Alaska Supreme Court, construing substantially similar language in an earlier version of Civil Rule 82, held that the "wording of this paragraph leaves it in the sound discretion of the trial court to decide, first of all, whether the prevailing party should receive an attorney's fee at all." Cooper, 511 P.2d at 1309-10 n. 5 (emphasis in original).
 
 
 12
 The district court did not abuse its discretion. It noted that the plaintiff had a colorable claim against ARCO, her injuries were real, and proximate cause was a difficult issue. Order of Feb. 7, 1990, at 2. The decision to deny ARCO attorney fees in this instance was not "manifestly unreasonable." See Malvo v. J.C. Penney Co., 512 P.2d 575, 587 (Alaska 1973).
 
 CONCLUSION
 
 13
 The judgment of the district court is AFFIRMED. The denial of attorney fees is AFFIRMED. The parties shall bear their own costs on appeal.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Kormendy also argues that the district court erred in concluding that she did not prove ARCO's actions constituted negligence or negligence per se. We need not address this argument because the trial court found that the presence of the ARCO vehicle on the roadway was not the proximate cause of Kormendy's injuries