Robert William **LORD**, Appellant,

v.

**FOGCUTTER BAR** and Stacy Cap, **Appellees.**

No. S–3517.

Supreme Court of Alaska.

June 21, 1991.

---

Robert William Lord, pro se.

Gregory W. Lessmeier, Hughes, Thorsness, Gantz, Powell & Brundin, Juneau, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

1. Unless otherwise indicated, subsequent references to the Fogcutter refer to both the bar and its bartender.

2. Section 1983, title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

3. Lord also sued the city administrator, Walter Wilcox, and two of the arresting police officers, Zoran Yankovich and Robert Stokley. We address Lord's claims against these other defendants in *Lord v. Wilcox*, 813 P.2d 656 (Alaska 1991).

OPINION

COMPTON, Justice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On September 16, 1984, Robert William Lord spent several hours at the Fogcutter Bar (Fogcutter) in Haines, Alaska. According to Lord, the bartender served him more than fourteen drinks from 1:45 to 10:30 pm. Lord left the Fogcutter with a woman, whom he subsequently kidnapped, raped and assaulted. He is currently serving a thirty-year sentence for these crimes. *State v. Lord*, No. 1HA–S84–084 Cr. (Alaska Super. March 5, 1985), *aff'd*, Mem.Op. & J. No. 1868 (Alaska App. September 6, 1989).

On September 29, 1987, Lord filed a complaint against the Fogcutter and its bartender, Stacy Cap,[1] alleging violations of his federal constitutional rights [2] as well as of Alaska's dram shop statute.[3] The Fogcutter filed a motion for summary judgment arguing that the two-year statute of limitations contained in AS 09.10.070 barred Lord's cause of action.[4] In response, Lord argued that his claim was timely under former AS 09.10.140(3).[5]

4. AS 09.10.070 provides:

> No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise; (2) upon a statute for a forfeiture or penalty to the state; or (3) upon a liability created by statute, other than a penalty or forfeiture; unless commenced within two years.

5. Former AS 09.10.140(3) provided:

> If a person entitled to bring an action mentioned in this chapter is at the time the cause of action accrues ... (3) imprisoned on a criminal charge, or in execution under sentence of a court for a term less than the person's natural life, the time of the disability is not a part of the time limited for the commencement of the action. But the period within which the action may be brought is not extended in any case longer than two years after the disability ceases.

On September 3, 1986, the legislature amended AS 09.10.140 to exclude imprisonment from the list of disabilities. Ch. 88, § 1 SLA 1986.

The trial court granted summary judgment for the Fogcutter. Based upon its determination that Lord's claims were frivolous, the court awarded attorney's fees and costs to the defendants.[6] Lord appeals.

## II. DISCUSSION

### A. The Trial Court Did Not Err in Granting Summary Judgment for the Fogcutter and Stacy Cap.

In reviewing a grant of summary judgment, we must determine whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law. *Drake v. Hosley*, 713 P.2d 1203, 1205 (Alaska 1986); Alaska R.Civ.P. 56(c). On appeal from a grant of summary judgment, we are constrained to take that view of the facts which is most favorable to the non-moving party. *Carter v. Hoblit*, 755 P.2d 1084, 1085 n. 1 (Alaska 1988). Therefore, for purposes of review, we assume that the Fogcutter and Stacy Cap did in fact violate Alaska's dram shop statute by selling Lord alcohol while he was a "drunken person."[7]

We must decide whether the law bars Lord's suit despite the alleged misconduct of the Fogcutter. In light of the repeal of AS 09.10.140(3), which recognized imprisonment as a disability preventing the running of the time limit for the commencement of an action, we choose not to address the statute of limitations issue. Instead, we affirm the court's grant of summary judgment on the ground that Lord's criminal conduct precludes his recovery for any cause of action based on his criminal conduct. *See Carlson v. State*, 598 P.2d 969, 973 (Alaska 1979) (This court may affirm the trial court's grant of summary judgment if there is any other ground which, as a matter of law, would support the result reached by the trial court.).

Lord claims that the Fogcutter is liable for the damages he has suffered as a result of his imprisonment. A bar licensed to sell alcoholic beverages and its employees are liable for injuries resulting from the intoxication of a customer if the employee acted with criminal negligence in serving the customer while he or she was a "drunken person." AS 04.16.030 and 04.21.020. Alaska Statute 04.21.080(b)(8) defines "drunken person" as one who "exhibits those plain and easily observed or discovered outward manifestations of behavior commonly known to be produced by the overconsumption of alcoholic beverages." Since this is a review of summary judgment, we assume that the bartender did in fact serve Lord while he was a "drunken person" and in doing so acted with criminal negligence.[8]

---

**6.** The trial court inadvertently awarded the Fogcutter's attorney's fees and costs to Wilcox, Yankovich and Stokley. The court corrected this error in its memorandum and order of September 20, 1989.

**7.** AS 04.21.020 provides in part:

A person who provides alcoholic beverages to another person may not be held civilly liable for injuries resulting from the intoxication of that person unless the person who provides the alcoholic beverages holds a license authorized under AS 04.11.080–04.11.-220, or is an agent or employee of such a licensee and ... (2) the alcoholic beverages are provided to a drunken person in violation of AS 04.16.030.

At the time of Lord's crimes, AS 04.16.030 read:

A licensee, an agent, or employee may not with criminal negligence

(1) sell, give, or barter alcoholic beverages to a drunken person;

(2) allow another person to sell, give, or barter an alcoholic beverage to a drunken person within licensed premises;

(3) allow a drunken person to enter and remain within licensed premises or to consume an alcoholic beverage within licensed premises;

(4) permit a drunken person to sell or serve alcoholic beverages.

**8.** AS 04.21.080(a)(1) defines criminal negligence as follows:

[A] person acts with "criminal negligence" with respect to a result or to a circumstance described by a provision of law defining an offense when the person fails to perceive a substantial and unjustifiable risk that the result will occur or that the circumstance exists; the risk must be of such a nature and degree that the failure to perceive it constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation.

The dram shop statute, however, was not intended to protect persons from the consequences of their own intentional, criminal conduct. Courts have consistently refused to aid those whose claims are based upon their own illegal acts. 1A C.J.S. *Actions* § 29 (1985); *Snug Harbor Packing Co. v. Schmidt*, 394 P.2d 397, 399 (Alaska 1964); *see also Amato v. United States*, 549 F.Supp. 863, 867 (D.N.J.1982), *aff'd without opinion*, 729 F.2d 1445 (3d Cir.1984) (suspect shot during armed robbery cannot sue police for negligence in failing to apprehend him prior to robbery); *Cole v. Taylor*, 301 N.W.2d 766, 768 (Iowa 1981) (plaintiff prohibited from recovering in tort from her psychiatrist on claim that he negligently failed to prevent her from committing murder).

This principle is grounded in public policy and precludes recovery at the "very threshold of the plaintiff's application for judicial relief." *Barker v. Kallash*, 63 N.Y.2d 19, 479 N.Y.S.2d 201, 203, 206, 468 N.E.2d 39, 41–42, 44 (N.Y.1984) (fifteen-year-old injured while constructing pipe bomb had no claim for relief against nine-year-old who allegedly sold the firecrackers from which plaintiff's companions extracted gun powder to construct the bomb); *see also Glazier v. Lee*, 171 Mich.App. 216, 429 N.W.2d 857, 860 (1988) (public policy bars claim by plaintiff, who shot and killed his girlfriend and was convicted of voluntary manslaughter, against his psychologist for negligent failure to medicate or hospitalize the plaintiff or to warn the victim of the plaintiff's potential for violence).

Lord's claim is barred for the same reasons we affirmed summary judgment against the plaintiff in *Adkinson v. Rossi Arms Co.*, 659 P.2d 1236 (Alaska 1983). In that case we held that an assailant convicted of manslaughter for shooting and killing his victim with a shotgun had no claim for relief against either the manufacturer or the seller of the shotgun for direct personal losses alleged to have resulted from the shooting. We stated, "[A]llowing a criminal defendant, who has been convicted of an intentional killing, to impose liability on others for the consequences of his own anti-social conduct runs counter to basic values underlying our criminal justice system." *Id.* at 1240.

In June 1986 the Alaska Legislature enacted a statute prohibiting a convicted felon from suing for personal damages resulting from the commission of the felony for which he or she was convicted.[9] Ch. 139, § 1 SLA 1986. The statute itself does not bar Lord's claim since it is based on section 1983. Nevertheless, the statute embodies the public policy justification we articulated in *Adkinson*. 659 P.2d at 1240.

Lord's conduct is easily distinguished from that of the plaintiffs in *Williford v. L.J. Carr Investments, Inc.*, 783 P.2d 235 (Alaska 1989), and *Morris v. Farley Enterprises, Inc.*, 661 P.2d 167 (Alaska 1983), in each of which we reversed the trial court's grant of summary judgment to the defendant liquor store. *Williford* represented the estate of Gilbert Tomaganuk. The estate alleged that the defendant liquor store caused Tomaganuk's death by providing vodka to Tomaganuk and his nephew while both men were intoxicated. Three or four hours after purchasing the vodka, Tomaganuk was killed while attempting to cross a busy city street. 783 P.2d 235. Elmer Morris and Randy Hansen were killed in an automobile accident allegedly resulting from the intoxication of the driver of the car in which they were riding. Several hours prior to the accident, the defendant liquor store had sold a fifth of tequila to Hansen, a seventeen-year-old, in violation of former AS 04.15.020(a).[10] The parents

---

**9.** AS 09.17.030 provides:

    A person who suffers personal injury or death may not recover damages for the personal injury or death if the injuries or death occurred while the person was engaged in the commission of a felony, the person has been convicted of the felony, including conviction based on a guilty plea or plea of nolo contendere, and the felony substantially contributed

to the injury or death. This section does not affect a right of action under 42 U.S.C. 1983.

**10.** In 1977 when the youths were killed, AS 04.15.020(a) provided:

    It is unlawful to give, barter or sell any intoxicating liquors, including beer and wine, to a person under the age of 19 years or to an intoxicated person, and it is unlawful for a

of the two young men sued the liquor store individually and on behalf of their children's estates. 661 P.2d 167.

Although both Tomaganuk and Hansen contributed to their own intoxication and thus to their deaths, neither acted in the criminal manner which characterized Lord's conduct. An individual's act of consuming liquor does not as a matter of law preclude recovery under Alaska's dram shop statute. *Williford,* 783 P.2d 235; *Morris,* 661 P.2d at 171; *Nazareno v. Urie,* 638 P.2d 671, 673–74 (Alaska 1981); *Vance v. United States,* 355 F.Supp. 756, 761 (D.Alaska 1973). The dram shop statute does not, however, provide a convicted felon, such as Lord, with a cause of action for any damage sustained in the commission of, or because of the felony. The responsibility for Lord's imprisonment rests solely with himself.[11]

**B. The Trial Court Did Not Abuse its Discretion in Awarding Attorney's Fees and Costs to the Defendants.**

We will only reverse a trial court's award of attorney's fees if the court abused its discretion by awarding an excessive amount. *O.K. Lumber Co. v. Providence Washington Ins. Co.,* 759 P.2d 523, 528 (Alaska 1988). Contrary to Lord's contention that the trial court "failed to state its reasons for granting" the attorney's fees, Judge Rodger W. Pegues meticulously set forth the factual and legal reasoning behind his decision to award fees. We find Judge Pegues' reasoning persuasive.

The trial court's award of attorney's fees and costs was proper under Alaska Civil Rules 11 and 82 and under 42 U.S.C. § 1988. Civil Rule 82 states in part that "[s]hould no recovery be had, attorney's fees may be fixed by the court in its discretion in a reasonable amount." Civil Rule 11 provided at the time Lord filed his com-

plaint and when the court issued its award of attorney's fees that a court may impose sanctions on signers of frivolous, unnecessary, or factually or legally deficient pleadings.

■ Federal law also authorizes a court to award reasonable attorney's fees to the prevailing party in a civil rights action. 42 U.S.C. § 1988. Although the general rule is that attorney's fees should not be awarded against a pro se prisoner for bringing an unsuccessful action under 42 U.S.C. § 1983, an exception exists where the suit is groundless, without foundation, or brought in subjective bad faith. *Hughes v. Rowe,* 449 U.S. 5, 14–15, 101 S.Ct. 173, 178–79, 66 L.Ed.2d 163 (1980). The superior court in its decision found that "there is absolutely no evidence in the record to support a finding that Lord's civil rights claims ... were brought in good faith." Judge Pegues further found that "while in prison, Lord is continuing his pre-imprisonment pattern of ill-tempered, mean-spirited behavior which is intended to harm innocent individuals." Lord provides this court no reason to conclude that Judge Pegues abused his discretion in awarding attorney's fees and costs to the Fogcutter and Stacy Cap.

AFFIRMED.

---

licensee to permit the giving, selling, bartering or drinking of any intoxicating liquor within the premises covered by a license to or by either of the forbidden classes, nor shall the licensee permit the drinking of hard or distilled liquors by any person upon the premises covered by his license, unless it is permitted under the classification of his license.

AS 04.15.020(a) was repealed in 1980 and replaced with AS 04.21.020 limiting the civil liability of persons providing alcoholic beverages. Ch. 131, §§ 5, 12 SLA 1980.

**11.** We find no basis whatsoever for Lord's claim that the Fogcutter violated his federal constitutional rights to due process and equal protection.