**Robert William LORD, Appellant,**

v.

**Walter WILCOX, Zoran Yankovich and John Doe (Sgt. Robert Stokley), Appellees.**

**No. S–3244.**

Supreme Court of Alaska.

June 21, 1991.

Robert William Lord, pro se.

Madelon Blum and David T. Mulholland, Lynch, Crosby & Sisson, Anchorage, for appellees.

Before RABINOWITZ, C.J., and BURKE, MATTHEWS, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Robert William Lord was arrested on September 17, 1984, in Haines, Alaska. He was convicted of rape, kidnapping and assault based on the events leading to his arrest. *State v. Lord*, No. 1HA–S84–084 Cr. (Alaska Super. March 5, 1985), *aff'd*, Mem. Op. & J. No. 1868 (Alaska App. September 6, 1989). Lord sued Zoran Yankovich and Robert Stokley, two of the police officers involved in his arrest, for damages resulting from violation of his federal constitutional rights.[1] According to Lord, the officers violated his rights under the fourth

---

**1.** Section 1983, title 42 of the United States Code provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

amendment to the United States Constitution by arresting him and impounding his car without probable cause.[2] Lord also sued Walter Wilcox, the city administrator of Haines at the time the complaint was filed. The superior court granted summary judgment in favor of Wilcox, Yankovich and Stokley and awarded them attorney's fees. Lord appeals.[3]

## II. DISCUSSION

### A. The Trial Court Did Not Err in Granting Summary Judgment in Favor of the Defendants.

No basis whatsoever exists for finding Wilcox liable for any damages Lord may have suffered. Wilcox was not the city administrator in Haines prior to or on the date of Lord's arrest. Lord admits that his complaint mistakenly named Wilcox instead of the mayor of Haines.

In reviewing the superior court's grant of summary judgment in favor of Yankovich and Stokley, "we must determine whether there was a genuine issue of material fact and whether the moving party was entitled to judgment on the law applicable to the established facts." *Brock v. Alaska Int'l Industries, Inc.*, 645 P.2d 188, 190 n. 6 (Alaska 1982).

■ Lord does not dispute the essential facts presented to this court by the police concerning what happened on the night of his arrest.[4] Both Yankovich and Stokley met with and interviewed the victim on the evening of the assault. She told the officers that she had been raped at gunpoint. She described in detail the sexual assault upon her, identified Robert Lord as her attacker, and identified his motel room and the vehicle in which the attack occurred.

Since the underlying facts are undisputed, the trial court appropriately decided as a matter of law whether probable cause existed to arrest Lord. *See City of Nome v. Ailak*, 570 P.2d 162, 170 (Alaska 1977); *State v. Grier*, 791 P.2d 627, 631 (Alaska App.1990).

The trial court did not err in concluding that probable cause did in fact exist. We have adopted the following definition of probable cause:

> Probable cause exists where "the facts and circumstances within their [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense had been committed or is being committed.

*Pistro v. State*, 590 P.2d 884, 886 (Alaska 1979) (quoting *Brinegar v. United States*, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949)) (bracketed portions contained in original). The facts of which Yankovich and Stokley were aware were sufficient for someone of reasonable caution to believe that Lord had sexually assaulted the alleged victim.

A federal district court in Pennsylvania found that facts quite similar to those in

---

**2.** The fourth amendment to the United States Constitution provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

**3.** In addition, Lord sued the bar and its bartender who served him drinks the night he committed the crimes for which he was convicted. We address Lord's claims against the Fogcutter Bar and Stacy Cap in *Lord v. Fogcutter Bar*, 813 P.2d 660 (Alaska 1991).

**4.** Apparently Lord did dispute some of the facts presented to the trial court. In his motion in opposition of summary judgment, Lord implied that the victim did not identify him as her attacker prior to the issuance of a warrant for his arrest. We agree with the defendants' response that Lord's mere assertions do not constitute genuine issues of fact. *See State, Dept. of Highways v. Green*, 586 P.2d 595, 606 n. 32 (Alaska 1978) ("Mere assertions of fact in pleadings and memoranda are insufficient for denial of a motion for summary judgment.") Lord has no personal knowledge of what the victim told the investigating police officers. His opposition is not based on the affidavit of any individual present at the initial meeting between the victim and the police. The uncontroverted affidavits of Yankovich and Stokley establish that the victim gave the police officers a description of Lord as her assailant when they first interviewed her.

this case were sufficient to give rise to probable cause. *Jones v. Waters*, 570 F.Supp. 1292 (E.D.Pa.1983). In *Jones*, a prisoner convicted of rape brought a civil rights action against the arresting officer. *Id.* at 1294. The prisoner alleged in part that the arresting officer entered his residence and seized him without a warrant. *Id.* Acting solely on the account given to him by the victim, the police officer arrested Jones without a warrant. *Id.* at 1295. Given these facts, the court found probable cause as a matter of law and reasoned:

> When confronted with a victim's positive identification of her assailant shortly after completion of the attack, corroborated as it was by the victim's recognition of the house to which she had been taken, Officer Waters clearly had been made aware of facts and circumstances sufficient to establish probable cause for Jones' arrest. Moreover, because the person from whom Waters received his information was the victim of the crime, he was justified in placing reliance in the truthfulness of her statements.

*Id.* at 1295–96.

In this case, Yankovich had obtained a warrant for Lord's arrest. We have indicated our willingness to give "great deference" to a prior judicial determination of probable cause. *See Ellsworth v. State*, 582 P.2d 636, 638 (Alaska 1978) (sufficient evidence presented to district court judge to find probable cause for the issuance of a search warrant). The court should uphold the issuing magistrate's decision where, in light of the totality of the circumstances, the magistrate had a substantial basis for concluding that probable cause existed. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983). Such substantial basis clearly exists in this case.

■ Lord also alleges that Yankovich and Stokley violated his fourth amendment rights by impounding his car. Again, Lord does not dispute the underlying facts. The alleged victim stated to the police that Lord had raped her in his car. She described his car, and Stokley observed Lord return in a vehicle meeting her description. This was the same vehicle that police subsequently impounded. Based on these undisputed facts, the superior court did not err in granting judgment to Yankovich and Stokley as a matter of law.

The police impounded Lord's car simply to preserve the status quo until they could get a search warrant. Based on the information provided, Yankovich had probable cause to believe that Lord's car contained evidence of a crime. Yankovich also had a reasonable basis to conclude that the evidence might be removed or disturbed because of the presence of Lord's roommate at the time of his arrest.

The United States Supreme Court has held that seizure to preserve the status quo does not violate a suspect's fourth amendment rights. *See, e.g., United States v. Van Leeuwen*, 397 U.S. 249, 90 S.Ct. 1029, 25 L.Ed.2d 282 (1970) (the proper course of action, given probable cause to search packages placed in the mails, was to withhold routing and delivery of the packages for the period necessary to obtain a search warrant). In *Cardwell v. Lewis*, 417 U.S. 583, 94 S.Ct. 2464, 41 L.Ed.2d 325 (1974), the court upheld the warrantless seizure of defendant's car after his arrest for murder.

The United States Supreme Court has upheld the warrantless search of vehicles seized and transported to the police station. *See, e.g., Texas v. White*, 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975) (upheld warrantless search of defendant's car at police station after he was arrested while attempting to pass fraudulent checks at the drive-in window of a bank); *Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970) (upheld warrantless search of vehicle at police station after arrest of vehicle's occupants for armed robbery). In this case, Yankovich and Stokley did not in fact search Lord's car until they obtained a search warrant.[5] We conclude that the mere impoundment of Lord's car

---

5. We find no merit to Lord's argument that the magistrate issued the search warrant for his car without probable cause.

did not violate his fourth amendment rights.

B. The Trial Court Did Not Err in Awarding Attorney's Fees to Wilcox, Yankovich and Stokley.

The record on appeal is devoid of any contemporaneous opposition to appellees' motion for attorney's fees or to the trial court's 28–page memorandum and order awarding the fees. In the absence of such opposition, we will reverse the award of attorney's fees only if it constitutes plain error. *See Miller v. Sears,* 636 P.2d 1183, 1189 (Alaska 1981).

We find no such error in this case. We will only reverse a trial court's award of attorney's fees if the court abused its discretion by awarding an excessive amount. *O.K. Lumber Co. v. Providence Washington Ins. Co.,* 759 P.2d 523, 528 (Alaska 1988). Contrary to Lord's contention that the trial court "failed to state its reason for granting" the attorney's fees, Judge Rodger W. Pegues meticulously set forth the factual and legal reasoning behind his decision to award the fees. We find Judge Pegues' reasoning persuasive.

 Although the general rule is that actual attorney's fees should not be awarded against a pro se prisoner for bringing an unsuccessful civil rights action, an exception exists where the suit is groundless, without foundation, or brought in subjective bad faith. *Hughes v. Rowe,* 449 U.S. 5, 15, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980). The superior court in its decision found that "there is absolutely no evidence in the record to support a finding that Lord's civil rights claims ... were brought in good faith." Judge Pegues further found that "while in prison, Lord is continuing his pre-imprisonment pattern of ill-tempered, mean-spirited behavior which is

intended to harm innocent individuals." Lord provides this court no reason to conclude that Judge Pegues abused his discretion in awarding attorney's fees to Wilcox, Yankovich and Stokley.[6]

### III. CONCLUSION

Since we conclude that Lord's allegations of error are without merit, we AFFIRM the superior court's judgment and its award of attorney's fees and costs.

---

6. Lord also argues that Judge Pegues abused his discretion in failing to allow Lord to amend his complaint and rule on his motion for summary judgment. Lord sought to amend his complaint to add the mayor of Haines and the appellees' insurance carriers as parties. The trial court's denial of Lord's motion to amend was not in error since amending the complaint to add the additional parties would not have provided any basis for denying the appellees' motions for summary judgment. Similarly, since appellees' motions for summary judgment were dispositive of the case, there was no reason for Judge Pegues to consider Lord's motion for summary judgment. Therefore, the trial court did not abuse its discretion in failing to rule on Lord's various motions.