**STATE of Alaska, Petitioner,**

v.

**David KOEN, Sr., Respondent.**

**No. S–11963.**

Supreme Court of Alaska.

Feb. 16, 2007.

---

W.H. Hawley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for Petitioner.

Kathleen Murphy, Assistant Public Defender, Anchorage, and Quinlan Steiner, Public Defender, Anchorage, for Respondent.

Before: BRYNER, Chief Justice, MATTHEWS, EASTAUGH, FABE, and CARPENETI, Justices.

*OPINION*

PER CURIAM.

## I. INTRODUCTION

Shortly after receiving reports that David Koen had child pornography stored on computers in his home, an Alaska State Trooper obtained a warrant to search Koen's residence. Although the affidavit supporting the warrant listed Koen's address as the premises to be searched, it failed to say that the listed address was Koen's residence or to explain how the address had been determined. Based on these deficiencies, the superior court declared that the warrant was not supported by probable cause. After the court of appeals affirmed this ruling, we granted the state's petition for hearing to decide whether the affidavit established probable cause despite its failure to specify that the premises to be searched were Koen's residence. Because we conclude that a common sense reading of the entire affidavit supports a reasonable inference that Koen resided at the listed address, we hold that the affidavit implicitly drew the connection required to establish probable cause.

## II. FACTS AND PROCEEDINGS

On February 27, 2004, at about 4:47 p.m., Homer resident Sara McLeod contacted Alaska State Trooper Ryan Browning at the trooper post in Homer to report that David Koen, a friend of Sara's husband, had child pornography on his home computer. McLeod told the trooper that she had been checking her email at Koen's residence and had inadvertently seen photos on Koen's computer that depicted adolescent children engaged in sexual acts. Less than an hour later, at 5:43 p.m., Trooper Browning spoke by telephone with Sara's husband, Michael, who confirmed Sara's report. Michael added that he had personally visited Koen's residence and had seen Koen looking at child pornography while surfing the web on his computer. According to Michael, Koen had also admitted sexually molesting his daughter and videotaping his actions.

Shortly after receiving the McLeods' reports, Trooper Browning submitted an affidavit for a search warrant to the district

court. His affidavit alleged that he had "reason to believe" that "on the premises known as: 1st residence on left of Greentimbers Drive at Homer, Alaska, there is now being concealed property, namely: Personal Computers and accessories" depicting child pornography. In support of this belief, the affidavit summarized the McLeods' reports as follows:

On 2–27–04 at approximately 1647 hours, I was contacted by Sarah Mcleod at the Homer Trooper Post. S. MCLEOD reported to me that she wanted to report that David KOEN Sr, was in possession of child pornography, and that she had seen photo's of adolescent children depicted in sexual acts. MCLEOD stated that she was at KOEN's residence checking her e-mail and that she inadvertently found the pornographic photo's. S. MCLEOD further stated that KOEN is a friend of her husband, Michael MCLEOD, and that KOEN disclosed to M. MCLEOD that he had been viewing and storing child pornography in his personal computer.

On 2–27–04 at approximately 1743 hours, I interviewed M. MCLEOD telephonically. M. MCLEOD stated that approximately a week ago, he was at KOEN's residence and saw KOEN "surfing" the web looking for child pornography and that he had seen KOEN looking a[t] child pornography in KOEN's computer. M. MCLEOD further stated that S. MCLEOD was checking her e-mail a few weeks ago and opened a "minimized" folder on KOEN's computer and saw pornographic pictures of children approximately 1 year old engaged i[n] sexual acts. M. MCLEOD further stated that KOEN told him that he had been sexually molesting his 13 [year old] daughter, S.K., and that he had recorded a video of that when she was 8 years old.

Magistrate David Landry issued the search warrant at 6:30 p.m., less than an hour after Trooper Browning had finished interviewing Michael McLeod. A search of Koen's residence yielded computer evidence similar to that described by the McLeods, which led to an indictment charging Koen with thirty counts of possessing child pornography.

Koen moved to suppress the evidence, arguing that Trooper Browning's affidavit failed to establish probable cause, since it neglected to draw any connection between the McLeods' report and the premises described in the warrant:

No statement as to the address or location of the Koen's residence was contained within the four corners of the affidavit. Although the affiant [Trooper Browning] stated that *he had reason to believe* that the evidence sought was located at "the first residence on the left Green Timbers Ave. at Homer, Alaska"; this is a conclusionary statement by the officer. The affidavit failed to establish that the "first residence" was Koen's residence. There was no nexus established between "Koen's residence" and "the first residence."

Superior Court Judge Harold M. Brown granted Koen's motion, ruling that Trooper Browning's affidavit failed to establish probable cause because it drew no connection between the place to be searched and the crime allegedly committed by Koen. The court of appeals affirmed, likewise concluding that the affidavit was fatally flawed in failing to connect the targeted premises to Koen; moreover, the court observed, "even if one could infer that the trooper . . . believed that the house . . . was Koen's residence," the affidavit was flawed in failing to explain the basis for the trooper's belief.[1]

In a dissenting opinion, Chief Judge Coats reached the opposite conclusion, reasoning that a common sense reading of the affidavit as a whole supported a reasonable inference that the Greentimbers Drive address was Koen's residence and that Trooper Browning had received the address from the McLeods, who were "intimately familiar" with the home.[2]

The state petitioned for hearing, and we granted the petition to consider the validity of the warrant.

1. *State v. Koen*, 113 P.3d 675, 680 (Alaska App. 2005).

2. *Id.* at 681–82.

## III. DISCUSSION

The narrow issue we address is whether the search warrant lacked probable cause because Trooper Browning's affidavit failed to specify that the residence on Greentimbers Drive—the premises the trooper sought permission to search—was Koen's residence.

■ Questions concerning the existence of probable cause ultimately present issues of law, which we review independently.[3] But when such questions involve a magistrate's decision to issue a warrant, we begin by recognizing that magistrates have broad latitude to draw reasonable inferences from the evidence placed before them. Accordingly, we give "great deference" to the magistrate's discretion[4] and resolve marginal cases in keeping with the traditional preference accorded to warrants.[5] Our inquiry focuses on whether the magistrate had a substantial basis to conclude that probable cause to search existed.[6] In applying this standard, we must read the affidavit submitted in support of the search warrant "in a common-sense and realistic fashion,"[7] considering the affidavit "in its entirety" instead of dissecting it into isolated "bits and pieces of information."[8]

The court of appeals identified two flaws in Trooper Browning's affidavit. First, the court faulted the affidavit because it "did not identify the house on Greentimbers Drive as Koen's residence [and did not] otherwise explain any connection between the Greentimbers Drive premises and the evidence being sought."[9] Second, the court noted that even if the affidavit might imply that Trooper Browning believed the Greentimbers address to be Koen's residence, the affidavit nonetheless failed to explain the trooper's reason for having this belief.[10] In the court's view, "the Constitution required Browning to explain this reason—so that Magistrate Landry could independently evaluate it."[11]

In challenging the court of appeals' ruling, the state adopts Chief Judge Coats's dissenting view of the case, insisting that, when viewed as a whole and given a common sense meaning, the affidavit sets out enough facts to support a reasonable inference that Trooper Browning believed the Greentimbers Drive address to be Koen's residence and that the trooper based his belief on information from the McLeods—who unquestionably had first-hand knowledge. Koen responds by insisting that the majority opinion of the court of appeals correctly ruled that the affidavit left Magistrate Landry no evidence to independently evaluate the basis for searching the premises described in the warrant.

■ In our view, the state's position is the most persuasive. Trooper Browning's affidavit began by declaring under oath that the trooper had "reason to believe that" evidence of the crime of possessing child pornography was being concealed on the Greentimbers Drive premises. The affidavit went on to say that "the facts tending to establish" Trooper Browning's grounds for asserting this belief were "as follows." The facts that followed centered entirely on the reports that the McLeods had given the trooper within the two hours immediately preceding his application.

3. *In re J.A.*, 962 P.2d 173, 175 (Alaska 1998).

4. *See, e.g., Lord v. Wilcox,* 813 P.2d 656, 659 (Alaska 1991).

5. *Metler v. State,* 581 P.2d 669, 673 (Alaska 1978) (citing *United States v. Ventresca,* 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965)).

6. *Lord,* 813 P.2d at 659. We have described this "substantial basis" review as more deferential than de novo review. *See In re J.A.,* 962 P.2d at 185 (Matthews, C.J., dissenting) ("[W]here a magistrate has issued a search warrant, deferential rather than de novo review of the probable cause determination is called for."). However, "substantial basis" review is "less deferential than clearly erroneous review." 2 WAYNE R. LA-FAVE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 3.1(c), at 16 (3d ed.1996).

7. *Ventresca,* 380 U.S. at 108, 85 S.Ct. 741; *State v. Malkin,* 722 P.2d 943, 947 n. 10 (Alaska 1986); *State v. Davenport,* 510 P.2d 78, 82 n. 8 (Alaska 1973).

8. *Massachusetts v. Upton,* 466 U.S. 727, 732, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984).

9. *Koen,* 113 P.3d at 680.

10. *Id.*

11. *Id.* at 678.

As described in the affidavit, the McLeods' reports made it clear that Sara and Michael McLeod were both personally acquainted with Koen, knew where he resided, and had been in his home. Both reported having recently seen child pornography on Koen's home computer, and each expressly pinpointed the computer as being located in Koen's residence. Moreover, neither of the McLeods reported any information remotely suggesting that evidence concerning Koen's misconduct might be found anywhere other than in Koen's home. Nor did Trooper Browning's affidavit describe any other circumstances indicating that such evidence would be found anywhere besides Koen's home.

When read together in a common sense manner, Trooper Browning's assertion that he had grounds to believe that evidence would be found on the premises at Greentimbers Drive, coupled with his ensuing description of facts relating exclusively to evidence in Koen's home, would fairly support a reasonable inference that Trooper Browning listed the Greentimbers Drive address because he believed that it actually was Koen's home.

In reaching the opposite conclusion, the court of appeals acknowledged that the trooper might have obtained the address from the McLeods but reasoned that other explanations that might have existed as well:

> The McLeods might have told Browning that Koen, fearing a police investigation, had moved his computer out of his residence to another location—to a business office, or to the house of a friend or relative—and that this new hiding place was located on Greentimbers Drive. Or the McLeods might have told Browning that they had stolen Koen's computer to prevent him from destroying the pornographic images, and that Koen's computer was now located at *their residence* on Greentimbers Drive.[12]

But probable cause is by definition a standard that hinges on probability rather than certainty, so a showing of probable cause need not rule out other explanations that are merely possible. As long as an affidavit gives the magistrate "a substantial basis" to find that one of several possible outcomes is probable, the affidavit will suffice to establish probable cause. Here, Trooper Browning's affidavit certainly did not rule out the other possible explanations described by the court of appeals. But for purposes of determining whether his affidavit established probable cause the key question is not whether these alternative explanations might have been possible; instead, it is whether their hypothetical possibility precluded the magistrate from drawing an otherwise fair inference that the Greentimbers Drive address probably described the location of Koen's home.

Given Trooper Browning's sworn belief that evidence could be found at Greentimbers Drive and his ensuing description of recently reported facts that pertained exclusively to evidence seen in Koen's home, we think that—even though other more speculative explanations might be hypothesized—the affidavit provided a strong substantial basis for drawing the common sense inference that the Greentimbers Drive address was in all likelihood where Koen resided.[13]

We reach a similar conclusion as to the second disputed inference that the court of appeals found lacking: evidence establishing Trooper Browning's basis for asserting that Koen actually lived at the Greentimbers Drive address. Given the recency and first-hand nature of the McLeods' reports, the affidavit's exclusive focus on information provided in those reports, and the McLeods' obvious awareness of where Koen resided, the affidavit as a whole provides a strong basis for inferring that Trooper Browning

**12.** *Id.* at 677.

**13.** The strength of the inference can be confirmed by considering the flip side of the proposition: assuming that a search conducted under the warrant had led the troopers to search a location that was not Koen's residence, it seems hard to imagine that the search would not have been challenged on the theory that Trooper

Browning had misrepresented material facts by misleading the magistrate to believe that the warrant was aimed at Koen's residence. *Cf. State v. Malkin,* 722 P.2d 943 (Alaska 1986) (holding that a warrant may be vitiated when supporting affidavit intentionally or recklessly misrepresents material facts).

probably obtained the Greentimbers Drive address directly from the McLeods. Although it would have been preferable to describe the source of this information, courts have recognized that "[i]t is not necessary that every assertion of fact be traced to its ultimate source." [14]

In reaching a contrary conclusion, the court of appeals viewed its prior decision in *State v. White*[15] as controlling precedent.[16] But *White* is inapposite. In contrast to the circumstances at issue here, the disputed affidavit in *White* provided no factual basis for inferring that evidence of the crime committed in that case might be found at White's residence; that the address described in the warrant was intended to refer to White's address; or that the officer applying for the warrant had a reliable basis for determining White's address.[17]

The court of appeals in this case also cited several cases from other jurisdictions that it viewed as analogous.[18] But in contrast to this case, the cases cited by the court of appeals all dealt with affidavits that failed to set out any facts suggesting that evidence might be found at the suspect's residence or any facts expressly or implicitly linking the defendant to the premises to be searched.[19] Moreover, most of the cited cases effectively addressed this point in dictum, ultimately

upholding the challenged search under the good faith exception adopted by the United States Supreme Court in *United States v. Leon*.[20]

In summary, then, we find no fatal flaw in Trooper Browning's affidavit. It certainly would have been best had the trooper explicitly identified the premises at Greentimbers Drive as Koen's residence and specified his basis for the identification. Since it appears that the trooper easily could have provided the information, the superior court and the court of appeals were understandably troubled by the affidavit's failure to explicitly draw the connection. Yet the affidavit as a whole provides a substantial and reliable evidentiary basis to support an inference that the listed address on Greentimbers Drive probably was Koen's residence and that evidence of his possession of child pornography probably was concealed on the premises. In light of the evidence drawing an implicit connection, we hold that omitting an explicit nexus did not amount to a failure to establish probable cause.

## IV. CONCLUSION

For these reasons, we REVERSE the decisions of the court of appeals and the superi-

---

**14.** *Davenport,* 510 P.2d at 82 n. 8. In this regard, we note that the Ninth Circuit Court of Appeals has broadly ruled that when a police officer's affidavit establishes probable cause to believe that evidence of a crime can be found at a suspect's residence and provides an address for the residence, the affidavit need not describe how the officer established the residence's address for the affidavit. *United States v. Baldwin,* 987 F.2d 1432, 1436 (9th Cir.1993). In light of our conclusion that Trooper Browning's affidavit implicitly established that he had a reliable basis for believing that Koen lived at the Greentimbers Drive address, we need not consider the Ninth Circuit's broader holding in *Baldwin.*

**15.** *State v. White,* 707 P.2d 271, 277 (Alaska App.1985).

**16.** *Koen,* 113 P.3d at 680–81.

**17.** *White,* 707 P.2d at 274, 277.

**18.** *Koen,* 113 P.3d at 679–80.

**19.** *See United States v. Hove,* 848 F.2d 137, 139–40 (9th Cir.1988) ("[T]he final warrant application, while it set forth facts suggesting that Kim-

berly Hove had sent threatening letters, never linked Kimberly Hove or any suspected criminal activity in any way with the 2727 DeAnza residence [her father's home].... [T]he affidavit offer[ed] no hint as to why the police wanted to search this residence."); *State v. Varnado,* 675 So.2d 268, 270 (La.1996) (in sexual assault and robbery case, police "had probable cause ... to search the defendant's residence but made a critical omission in the warrant application by failing to identify the targeted premises as the defendant's residence"); *Oesby v. State,* 142 Md. App. 144, 788 A.2d 662, 665–66 (2002) (in sexual assault case, affidavit did not permit judge to infer link between suspect and the street address of place to be searched); *Braxton v. State,* 123 Md.App. 599, 720 A.2d 27, 33 (1998) (affidavit disclosed only that address had been learned from "further investigation"; affidavit did not report the existence of any informant who would have known suspect's address).

**20.** *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

or court and REMAND for further proceedings.