**John T. FERRICK, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–9976.

Court of Appeals of Alaska.

Sept. 18, 2009.

James W. McGowan, Sitka, for the Appellant.

W.H. Hawley, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Talis J. Colberg, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and BOLGER, Judges.

*OPINION*

MANNHEIMER, Judge.

John T. Ferrick appeals his conviction for possession of child pornography. He raises two main contentions.

First, Ferrick argues that the evidence against him was gathered illegally. The primary evidence against Ferrick consisted of some five dozen pornographic photographs found on a computer hard drive. These photographs were seized pursuant to a search warrant. Ferrick contends that this search warrant was not supported by probable cause, and thus the photographs seized pursuant to this warrant must be suppressed.

Ferrick's second contention is that Alaska's child pornography statute, AS 11.61.127(a), is unconstitutionally overbroad. In *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), the United States Supreme Court held that the provisions of the federal child pornography statute outlawing "virtual" child pornography (*i.e.*, computer-generated pornographic images of simulated children) contravened the First Amendment's protection of speech, since these provisions did not involve the exploitation of real children. 535 U.S. at 249–258, 122 S.Ct. at 1401–06.

According to Ferrick, the Alaska statute that prohibits the possession of child pornography suffers from the same constitutional flaw as the federal statute that was challenged in *Free Speech Coalition*. In other words, Ferrick contends that the Alaska statute punishes the possession of "virtual" child pornography in addition to punishing the possession of pornography that was actually produced with real children.

(In his brief, Ferrick phrases this attack on the statute as an assertion that the statute is unconstitutionally "vague". However, Ferrick does not argue that people of common intelligence would be unable to understand the statute, or that they would be "relegated to differing guesses about its meaning".[1] Rather, Ferrick argues that the statute purports to criminalize conduct that is constitutionally protected. Thus, Ferrick is really claiming that the statute is overbroad. *See Petersen v. State*, 930 P.2d 414, 425 (Alaska App.1996).)

For the reasons explained here, we conclude that the search warrant in Ferrick's case was supported by probable cause, and thus the State lawfully obtained the pornographic photographs from the computer hard drive. We further conclude that Alaska's child pornography statute does not prohibit the possession of "virtual" child pornography, but rather is confined to the possession of pornography that was produced using real children. The statute therefore does not violate the First Amendment as construed in *Free Speech Coalition*.

*Underlying facts*

In the early morning hours of June 22, 2005, a security guard at Sheldon Jackson College in Sitka came across several images of naked children on one of the computers in the school's computer lab. The security guard reported his discovery to Sterling Barlow, the college's computer technician. Barlow then contacted Sitka Police Officer Roger Stevener.

Officer Stevener interviewed the security guard and, based on the results of that interview, Stevener applied for a warrant to search the computer's hard drive for evidence of the crime of possession of child pornography. Based on Stevener's testimony (which was essentially a recapitulation of the security guard's report), Sitka Magistrate Bruce Horton issued the requested search warrant.

Once the search warrant was issued, Stevener traveled to the Sheldon Jackson cam-

---

**1.** *Petersen v. State*, 930 P.2d 414, 424 (Alaska App.1996), quoting *Schad v. Arizona*, 501 U.S.  624, 632, 111 S.Ct. 2491, 2497, 115 L.Ed.2d 555 (1991).

pus, seized the computer, and then brought it back to the police station, where it was stored until it could be examined by a police technician.

While Stevener was waiting for the computer's hard drive to be searched, Stevener interviewed Ferrick about his connection to the computer. Ferrick admitted that he had access to the computer, and he also admitted that he had downloaded and stored several pictures of under-age children in various sexual poses.

The search of the computer hard drive revealed sixty-three photographs of naked or partially dressed children (both male and female) in sexually explicit poses.

*The criminal statute at issue in this case*

To evaluate Ferrick's claims in this appeal, we first must identify the elements of proof required to establish the crime of possession of child pornography codified in AS 11.61.127(a).

The definition of this crime hinges on the definition of another crime: sexual exploitation of a minor, AS 11.41.455(a). The sexual exploitation of a minor statute prohibits the use of children under the age of 18 to produce a live performance or an audio or video or pictorial portrayal of any of the following types of conduct: sexual penetration; the lewd touching of a person's genitals, anus, or breast; masturbation; bestiality; the lewd exhibition of a child's genitals; or sexual sadism or masochism.

Returning to the definition of possession of child pornography, AS 11.61.127(a) declares that a person may not knowingly possess "any material that visually or aurally depicts" any of the conduct described in the sexual exploitation of a minor statute if the person "know[s] that the production of the material involved the use of a child under 18 years of age who engaged in the conduct".

*Ferrick's contention that the child pornography possession statute is overbroad*

■ Ferrick contends that AS 11.61.127(a) is unconstitutionally overbroad for two reasons.

Ferrick first argues that this statute allows the prosecution and conviction of people who do not, in fact, possess prohibited child pornography. This argument is based on the United States Supreme Court's decision in *Ashcroft v. Free Speech Coalition*, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002).

In *Free Speech Coalition*, the Supreme Court struck down portions of the federal child pornography statute that placed limitations on "virtual" or computer-generated pornography, as well as pornographic imagery featuring adults who appear to be under-age. 535 U.S. at 251–58, 122 S.Ct. at 1402–06. The Court held that, because of First Amendment protections, Congress could not punish this type of erotica, since it does not involve the exploitation of real children. 535 U.S. at 249–251, 256, 122 S.Ct. at 1401–02, 1405.

According to Ferrick, the Supreme Court's decision in *Free Speech Coalition* means that the government can not prohibit the possession of pornographic images depicting children unless the government proves that the production of the pornographic images involved the use of real children.

Ferrick acknowledges that AS 11.41.455(a) (the statute prohibiting the sexual exploitation of minors) explicitly requires proof that a child under the age of 18 was used in the production of the live performance or in the production of the audio, video, or pictorial portrayal of sexual conduct or sexual exhibition.

Ferrick also acknowledges that the child pornography statute, AS 11.61.127(a), requires proof that the defendant knowingly possessed pornographic material "depict[ing] conduct described in AS 11.41.455(a)", as well as proof that the defendant "[knew] that the production of the [pornographic] material involved the use of a child under 18 years of age".

Seemingly, then, AS 11.61.127(a) is fully consistent with the ruling in *Free Speech Coalition*—in that the statute applies only to pornographic materials that were produced using real children under the age of 18.

Ferrick argues, however, that there is a constitutional flaw in the statute. He con-

tends that people can be prosecuted and convicted under AS 11.61.127(a) if they merely *think* that they possess pornography that was produced using real children, even if the materials that they possess are really "virtual" pornography.

Ferrick's argument is based on AS 11.81.900(a)(2), the Alaska criminal code's definition of the culpable mental state of "knowingly". As defined in this statute, the culpable mental state of "knowingly" applies to two different elements of proof: (1) a defendant's conduct, and (2) the surrounding circumstances that make the conduct criminal or that justify the conduct.

With respect to this second element of proof—that is, when a criminal statute requires proof that a person acted "knowingly" with respect to a circumstance—this culpable mental state is proved if the defendant "[was] aware ... [of] the circumstance [or] aware of a substantial probability of its existence". AS 11.81.900(a)(2). In other words, the government need not prove that the defendant knew with certainty that the circumstance existed; it is sufficient for the government to prove that the defendant was "aware of a substantial probability" that the circumstance existed.

Ferrick notes that there are times when a person can be "aware of a substantial probability" that a particular circumstance exists, even if the circumstance does not actually exist. Because of this possibility, Ferrick argues, a person could be prosecuted and convicted of possessing child pornography under AS 11.61.127(a) for merely being aware of a "substantial probability" that the pornographic materials in their possession were produced using real children under the age of 18—even if it turns out that the materials are "virtual" pornography, or if it turns out that the subjects in the pornographic materials were not under the age of 18.

Ferrick's argument is based on a misreading of AS 11.61.127(a).

It is true that AS 11.61.127(a) requires proof that the defendant acted "knowingly" with respect to the circumstance that the pornographic materials in the defendant's possession were produced "us[ing] ... a child under 18 years of age". And with respect to this circumstance, it is sufficient for the government to prove that the defendant was aware of a "substantial probability" that this circumstance existed. *See* AS 11.81.900(a)(2).

But AS 11.61.127(a) also requires proof of an *actus reus*—proof of an underlying act of possession of a certain type of pornographic materials. Specifically, the statute requires proof that the defendant possessed pornographic material "depict[ing] conduct described in AS 11.41.455(a)"—the statute prohibiting the sexual exploitation of minors.

The conduct described in AS 11.41.455(a) is the use of children under the age of 18 to create pornography: "induc[ing] or employ[ing] a child under 18 years of age to engage in" one or more of the types of sexual activity listed in the statute, or (alternatively) "photograph[ing], film[ing], record[ing], or televis[ing] a child under 18 years of age engaged in" the listed types of sexual activity.

Reading these two statutes together, we construe AS 11.61.127(a) to forbid the possession of pornographic material that was generated by the conduct prohibited by AS 11.41.455(a)—in other words, pornography that was generated by the use of a child under the age of 18.

Under AS 11.61.127(a), the government must prove that the defendant actually possessed pornography that was generated by the conduct prohibited by AS 11.41.455(a)— that is, pornographic material that was generated using a real child under the age of 18. Additionally, the government must prove two culpable mental states: first, that the defendant knew that this child pornography was in their possession; and second, that the defendant acted "knowingly" with respect to the circumstance that the pornography was generated using a child under the age of 18.

Our construction of AS 11.61.127(a) provides the answer to Ferrick's claim that the statute unconstitutionally penalizes the possession of "virtual" child pornography. The statute does not reach this conduct—and, therefore, the statute conforms to the United

States Supreme Court's ruling in *Ashcroft v. Free Speech Coalition.*

*A more detailed description of the search warrant application, and our analysis of Ferrick's contention that this application failed to support the issuance of the warrant*

■ Ferrick's remaining point on appeal is that the evidence against him was obtained illegally—that the warrant authorizing the search of the computer hard drive was not supported by probable cause.

The search warrant application in Ferrick's case was supported by the testimony of Officer Stevener; this testimony, in turn, was based largely on the information provided by the Sheldon Jackson security guard.

As recited by Officer Stevener in his testimony, the security guard was engaged in his nightly duties when he bumped into a desk in the computer lab. The computer sitting on this desk had been left on, and this jostling activated the monitor.

On the screen, the security guard observed a file labeled "Lloyd's". When the security guard opened this file by clicking on it, he saw three images. One image was of a naked young girl, between five and seven years old, with her legs spread apart. This image bore the title, "Fill me up". The other two images were pictures of naked young boys, four to seven years old, depicting the boys' penises.

Based on this information, the magistrate issued a warrant authorizing the police to search the hard drive of this computer for evidence of the crime of possession of child pornography. This search led to the discovery of sixty more photographs of children in sexually explicit poses.

In this appeal, Ferrick contends that the information presented to the magistrate was not sufficient to support the issuance of the warrant—*i.e.*, not sufficient to establish probable cause to believe that the computer hard drive contained evidence of the offense of possession of child pornography.

The State contends that the information provided by the security guard was sufficient to establish probable cause for the search—sufficient to establish reason to believe that the computer's hard drive contained evidence that someone knowingly possessed images depicting the lewd exhibition of the genitals of children under the age of 18.

Ferrick contends, however, that the information provided by the security guard was not sufficient to differentiate the three photographs on the computer from "works of unquestionable artistic and socially redeeming significance"—works such as "many of the classic paintings and drawings used in ... art curricula [in] high school and college".

We disagree. Although the security guard's description may not have been sufficiently detailed to completely rule out the innocent explanation that Ferrick proposes, the question is not whether the security guard's description constituted conclusive proof of a crime. Rather, the question is whether the guard's description provided probable cause to believe that the three images were evidence of a crime.

The test is whether the guard's description provided sufficient detail to warrant a reasonably prudent person in believing that a crime had been, or was being, committed.[2] As our supreme court recently clarified in *State v. Koen,* 152 P.3d 1148, 1152 (Alaska 2007), the concept of probable cause "hinges on probability rather than certainty, [and thus] a showing of probable cause need not rule out other explanations that are merely possible."

Here, the evidence presented to the magistrate was that a particular folder on the computer contained several images of naked young children. These children were of approximately the same age, and well under puberty. One of the images depicted a girl with her legs spread (*i.e.*, a pose that could reasonably be interpreted as sexually suggestive), and this image was labeled "Fill me up" (*i.e.*, words that could reasonably be interpreted as sexually suggestive). The other two images were pictures of naked boys with their penises displayed.

2. *Badoino v. State,* 785 P.2d 39, 41 (Alaska App. 1990).

When we consider this information as a whole—the visual content of the three images, the fact that they were grouped together in a computer folder, and the fact that one of them bore a sexually suggestive label—we conclude that the search warrant application provided probable cause to believe that the images were evidence of someone's knowing possession of child pornography.

Ferrick also argues that the search warrant application did not dispel the possibility that the images observed by the security guard were merely drawings of children, or computer-generated graphics, rather than photographs of real children. He points out that, in the search warrant application, the photographs were described merely as "images" and "pictures", as opposed to "photographs". Ferrick argues that the search warrant application needed to contain a direct assertion that the images on the computer were photographs, or "at least a recitation that the suspect images appeared to be those of real children".

We reject this argument because, as we explained earlier, the standard for issuing a search warrant is probable cause, and the probable cause standard does not require an affirmative negation of all innocent explanations.

It is true that, because Officer Stevener used the terms "images" and "pictures",

there was a possibility that the security guard had observed computer representations of oil paintings, or computer-generated cartoons, rather than digital photographs. But search warrants need not be supported by conclusive proof of criminality. The question before the magistrate was whether the testimony provided a reasonable basis to believe that the computer hard drive contained digital photographs of real children.

We conclude that when the information presented to the magistrate is analyzed in context and in a common-sense manner, that information was sufficient to establish reasonable grounds to believe that the "images" and "pictures" on the computer were in fact photographs of minor children engaged in sexual conduct described in AS 11.41.455(a).

For these reasons, we uphold the search warrant in Ferrick's case.

*Conclusion*

The judgement of the superior court is AFFIRMED.